Alma TACKETT, Petitioner-Appellant,

v.

BENEFITS REVIEW BOARD; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondent-Appellee.

No. 85–3973.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 1986.

Lawrence R. Webster, Webster, Clark & Johnson, Michael F. Johnson (argued), Pikeville, Ky., for petitioner-appellant.

Sylvia T. Kaser (argued), J. Michael O'Neill, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent-appellee.

Before KEITH and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Petitioner appeals a Benefits Review Board's (Board) decision reversing the Administrative Law Judge's (ALJ) grant of black lung benefits. Petitioner brought suit under section 921(c)(2) of the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1982) (Act), and the regulation promulgated thereunder. The ALJ awarded benefits, concluding that petitioner was entitled to invoke the rebuttable presumption that

her husband's death was due to pneumoconiosis conferred by section 921(c)(2) and the implementing regulation because her husband worked more than ten years in the nation's mines and died from lung cancer. In concluding that lung cancer was a chronic lung disease sufficient to invoke the presumption, the ALJ relied on the Board's decision in *Pyle v. Allegheny River Mining Co.*, 2 Black Lung Rep. 1–1143 (1981). The Board in *Pyle* concluded that lung cancer was a chronic disease of the lung as a matter of law, and thus was a sufficient basis for invoking the section 921(c)(2) presumption. After the parties argued the present case before the Board, but before the Board reached its decision, the Board overruled its decision in *Pyle*. *Hunter v. Director, Office of Workers' Compensation Programs*, 8 Black Lung Rep. 1–120 (1985), *appeal docketed*, No. 85–2359 (4th Cir. Nov. 14, 1985). In *Hunter*, the Board held that a claimant has the burden to establish that the miner's lung cancer was a chronic disease of the lung before the statutory presumption is invoked. The Board in the present case held that *Hunter*, not *Pyle*, applied to the case and concluded that petitioner failed to establish that her husband's lung cancer was a chronic lung disease. Because we believe that petitioner should have the opportunity to prove that her husband's lung cancer was a chronic lung disease, we reverse the Board's decision and remand to the Board for further proceedings in accordance with this opinion.

Section 921(c)(2) of the Act provides that "[i]f a deceased miner was employed for ten years or more in one or more coal mines and died from a respirable disease there shall be a rebuttable presumption that his death was due to pneumoconiosis." The implementing regulation provides as follows:

(a) Even though the existence of pneumoconiosis as defined in § 410.110(*o*)(1) is not established as provided in § 410.454(a), if a deceased miner was employed for 10 years or more in the Nation's coal mines and died from a respirable disease, it will be presumed, in the absence of evidence to the contrary, that his death was due to pneumoconiosis arising out of employment in a coal mine.

(b) Death will be found due to a respirable disease when death is medically ascribed to a chronic dust disease, or to another chronic disease of the lung. Death will not be found due to a respirable disease where the disease reported does not suggest a reasonable possibility that death was due to pneumoconiosis. Where the evidence establishes that a deceased miner suffered from pneumoconiosis or a respirable disease and death may have been due to multiple causes, death will be found due to pneumoconiosis if it is not medically feasible to distinguish which disease caused death or specifically how much each disease contributed to causing death.

20 C.F.R. § 410.462 (1986).

■ The first issue we must consider is whether *Hunter* was correctly decided.[1] Although the parties did not argue this issue before the Board in the present case,[2] we believe that the *Hunter* Board was correct in concluding that the burden is on claimant in each case to establish the chronic nature of the miner's lung cancer before the presumption is invoked.[3] The

---

1. This question is also before the Fourth Circuit on appeal from *Hunter*.

2. Courts of Appeals have plenary authority to review the Board's legal conclusions. *Gibas v. Saginaw Mining Co.*, 748 F.2d 1112, 1119 (6th Cir.1984), *cert. denied*, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985). Nevertheless, this Court has stated that it refuses to decide substantive legal questions not presented to the Board. *Id.* In the present case, however, the parties did not argue before the Board whether *Hunter* or *Pyle* was correct because *Hunter* had

not been decided. Accordingly, because of the unique procedural posture of this case, we believe it proper to consider this issue.

3. The Board in *Hunter* also concluded that even if the presumption that the miner's death was due to pneumoconiosis was invoked, there was sufficient evidence to rebut it. According to the Board, the statute and regulation provide that the presumption may be rebutted by establishing that there is no reasonable possibility that death was due to pneumoconiosis, that the miner did not have pneumoconiosis, or that the

statute and regulation provide that a claimant is entitled to the presumption that death was due to pneumoconiosis arising out of employment in a coal mine if the miner worked in a mine for more than ten years and died from a respirable disease under the regulation. Death will be found due to a respirable disease when death is medically ascribed to a chronic dust disease or to another chronic lung disease where the disease suggests a reasonable possibility that death was due to pneumoconiosis. Nothing in the Act or the regulation provides that lung cancer is a chronic lung disease as a matter of law. Furthermore, medical experts disagree about whether lung cancer is a chronic lung disease. Because this Court will defer to an agency's interpretation of a regulation, provided that this interpretation is reasonable, *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984), we conclude that claimants must establish that the miner's lung cancer constituted a chronic lung disease before the statutory presumption is invoked.

■ Petitioner argues that *Pyle* not *Hunter* should apply to the facts of this case. Although *Pyle* was the law when the ALJ decided this case, the Board was correct in concluding that *Hunter* was applicable. The Supreme Court has held that a court must apply the law in effect at the time it renders its decision unless doing so results in manifest injustice or there is legislative history or a statutory directive to the contrary. *Bradley v. School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). In the present case, applying the rule in *Hunter* does not result in manifest injustice if petitioner has the opportunity to present proof that the miner's lung cancer constituted a chronic lung disease and suggests a reasonable possibili-

miner's death was not causally related to coal mine employment. The ALJ's finding that the lung cancer was not attributable to anything let alone pneumoconiosis is, according to the Board, sufficient to establish that there is no reasonable possibility that death was due to pneumoconiosis. We have considerable diffi-

ty that death was due to pneumoconiosis. The Board concluded that claimant did not meet this requirement because the miner's lung cancer was not described as chronic. As petitioner points out, there was no reason for her to provide testimony on this issue because *Pyle*, the law at the time of the hearing, held that lung cancer was a chronic lung disease sufficient to invoke the presumption. Accordingly, a remand to the ALJ is necessary.

For the reasons stated above, the Board's decision is reversed and the case is remanded to the Board with instructions to provide claimant the opportunity to submit evidence before the ALJ.

culty in accepting the *Hunter* approach that the absence of evidence can rebut a presumption. We suggest that a more reasoned approach, in view of the regulation, is that it is part of the definition of respirable disease that it suggests such reasonable possibility. *See* 20 C.F.R. § 410.462(b).