838 F.2d 192
 Marvis COLVIN, widow of Paul E. Colvin, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; and North American Coal
Corporation, Respondents.
 No. 86-3483.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Dec. 10, 1987.
Decided Feb. 4, 1988.
 
 John W. Ergazos, Patrick L. Menicos, Canton, Ohio, for Colvin.
 Maria J. Codinach, David J. Millstone, Squires, Sanders & Dempsey, Cleveland, Ohio, for North American Coal Corp.
 Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C. Thomas L. Holzman, Office of the Sol. U.S. Dept. of Labor, Washington, D.C. Nicholas J. Levintow, for Director, Office of Workers' Compensation Programs, Dept. of Labor.
 Before JONES and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Marvis Colvin (petitioner) seeks review of the March 31, 1986, decision and order of the Benefits Review Board (Board) of the United States Department of Labor which affirmed a decision of an administrative law judge (ALJ) denying black lung benefits. Petitioner is the widow of Paul Colvin (the miner).
 
 
 2
 The miner originally filed his claim for benefits on May 17, 1978. He had retired from coal mine employment with North American Coal Corporation in 1978, and died on February 15, 1980, from carcinoma of the left lung. The miner's claim had been initially allowed by the Department of Labor but was subsequently contested by North American. After the miner's death, the petitioner filed a survivor's claim which was also contested by North American. Both claims were consolidated for hearing.
 
 
 3
 The ALJ found that the petitioner was entitled to the benefit of the interim presumption of total disability and death due to coal workers' pneumoconiosis contained in 20 C.F.R. Sec. 727.203 (1987), and the presumption of death due to pneumoconiosis contained in 30 U.S.C. Sec. 921(c)(2) (1986) and the regulations thereunder. The ALJ then considered North American's rebuttal evidence and concluded that North American had rebutted the interim presumptions. 20 C.F.R. Secs. 410.454, .462 and Sec. 727.203(b)(3) (1987). The ALJ concluded and the Board agreed that substantial evidence of record established that the miner's respiratory condition and death were caused by lung cancer and that there was no relationship between the lung cancer and the miner's coal mine employment.
 
 
 4
 The procedural history of the case is not in dispute in this appeal but, rather, petitioner argues that this court's decision in Tackett v. Benefits Review Bd., 806 F.2d 640 (6th Cir.1986), dictates a remand of this case for consideration of whether lung cancer qualifies as a chronic lung disease. Upon a review of the proceedings below and our decision in Tackett, we conclude that petitioner misperceives the effect of Tackett on these proceedings. Accordingly, we decline to remand and affirm the decision of the Board which we find to be supported by substantial evidence.
 
 I.
 
 5
 The starting point for the dispute in this case is the Board's decision in Pyle v. Allegheny River Mining Co., 2 BLR 1-1143 (1981). In Pyle, the Board had concluded that lung cancer was a chronic disease of the lung as a matter of law and thus was always a sufficient basis to invoke the 30 U.S.C. Sec. 921(c)(2) presumption.[1] However, on June 26, 1985, the Board overruled Pyle in Hunter v. Director, Office of Workers' Compensation, 8 BLR 1-120 (1985), aff'd, 9 BLR 2-140 (4th Cir.1986). In Hunter, the Board stated:
 
 
 6
 [T]he burden is upon claimant in each case to establish the chronic nature of the miner's lung cancer before finding invocation pursuant to the Section (c)(2) presumption.
 
 
 7
 8 BLR at 1-122.
 
 
 8
 It was clear under both Pyle and Hunter that even if the section 921(c)(2) presumption was invoked as a result of lung cancer, the presumption was nonetheless subject to rebuttal. Our decision in Tackett was issued after Pyle but before the final affirmance of Hunter. The claimant in Tackett, who suffered from lung cancer, was given the benefit of the Pyle presumption by the ALJ. The Board reversed on the basis of Hunter which was decided after the ALJ's decision. We remanded because the claimant had never had an opportunity to present evidence that lung cancer was a chronic disease (as required by Hunter ) since he had received the benefit of the Pyle presumption and such evidence under Pyle was unnecessary. Thus, in Tackett, we gave the claimant an opportunity to invoke a presumption. Tackett does not deal with the rebuttal of presumptions which is the issue here.
 
 
 9
 Colvin does not need to rely on lung cancer to invoke the presumptions since the ALJ found, and the Board agreed, that she already had the presumptions on two other independent bases--anthracosis and qualifying ventilatory studies. What claimant must successfully challenge is the finding that, although death was caused by lung cancer, there was no relationship between the lung cancer and the miner's coal mine employment. In other words, petitioner must show that the Board's conclusion of a successful rebuttal is not supported by substantial evidence.
 
 II.
 
 10
 Turning then to the question of substantial evidence, we find it unnecessary to review the evidence in detail. Unlike the claimants in Tackett and Hunter, petitioner has already fully litigated below the issue of whether there was a relationship between the miner's lung cancer and his coal mine employment. To rebut the presumption of death and disability due to pneumoconiosis invoked by petitioner, North American submitted the opinions of Drs. Morgan, Gillespie, Wallace, and Franklin, who found no such relationship. Petitioner furnished those opinions, as well as all other medical evidence of record, to Dr. Gelderman for his independent review. Dr. Gelderman's opinion, admitted into evidence, addressed, inter alia, the opinions of Drs. Morgan, Gillespie, Wallace, and Franklin on the etiology issue. Dr. Gelderman suggested that there was a possible relationship between the miner's lung cancer and his coal mine employment.
 
 
 11
 Weighing all the medical evidence of record, the ALJ found that the opinions of Drs. Morgan, Gillespie, Wallace, and Franklin were based on a more comprehensive analysis of all the medical evidence and established that there was no connection between the miner's disability and death and his coal mine employment.
 
 
 12
 We agree that the opinions of Drs. Morgan, Gillespie, Wallace, and Franklin provide substantial medical evidence supporting the conclusion that neither the miner's death nor his disability was caused or aggravated by coal dust inhalation or exposure. The ALJ and the Board properly credited those opinions over that of Dr. Gelderman.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Section 921(c)(2) provides:
 If a deceased miner was employed for ten years or more in one or more coal mines and died from a respirable disease there shall be a rebuttable presumption that his death was due to pneumoconiosis. The provisions of this paragraph shall not apply with respect to claims filed on or after the effective date of the Black Lung Benefits Amendments of 1981.