Gary FARIES, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 89–3836.

United States Court of Appeals, Sixth Circuit.

Submitted April 13, 1990.

Decided July 26, 1990.

Lawrence R. Webster, Pikeville, Ky., for petitioner.

Michael J. Denney, Robert E. Kirschman, Jr., U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for respondent.

Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Petitioner Gary Faries appeals a decision and order of the Benefits Review Board (BRB or Board) reinstating a February 8, 1985 decision and order of an Administrative Law Judge (ALJ) denying his claim for benefits under the Black Lung Benefits Act (Act), as amended, 30 U.S.C. § 901 *et seq.*

On appeal, petitioner contends that because of a change in the interpretation of the regulations applicable to invocation of the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1)–(a)(4) during the pendency of the adjudication of his claim,

due process mandates remand of his claim to the ALJ for purposes of presenting additional evidence to satisfy the "new" interpretation of the burden of proof standard for invocation of the interim presumption. Petitioner further alleges that the "new" interpretation of the applicable regulations should not be applied retroactively. Finding that petitioner's claim was initially considered by the ALJ pursuant to the interpretation of section 727.203(a)(1) subsequently promulgated by the United States Supreme Court in *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), and that the *Mullins* decision merely reaffirmed the prevailing interpretation of section 727.203(a)(1) in effect at the time petitioner's claim was first considered and rejected by the ALJ, we affirm the August 24, 1989 decision and order of the BRB reinstating a February 8, 1985 decision and order of the ALJ denying benefits.

I.

Petitioner's initial claim for benefits was filed in 1973. After his claim was denied by the Social Security Administration in 1979 and by the Department of Labor in 1980, petitioner requested a hearing. On October 4, 1984, a formal hearing was convened before an ALJ who credited petitioner with ten to twelve years of coal mine employment. Since petitioner's claim was filed prior to March 31, 1980, the ALJ properly evaluated petitioner's claim pursuant to 20 C.F.R. § 727.203(a), the "interim regulations," and on February 5, 1985, the ALJ rendered a decision and order denying benefits, finding the evidence insufficient to invoke the interim presumption pursuant to 20 C.F.R. § 727.203(a).[1] Specifically, the

---

**1.** 20 C.F.R. § 727.203(a) provides in relevant part that:

(a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:

(1) A chest roentgenogram (x-ray), biopsy, or autopsy establishes the existence of pneumoconiosis ...

(2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease ...

(3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated ...

ALJ found that the record contained the reports of seven doctors who examined x-ray films and that five physicians found evidence of pneumoconiosis to be lacking. The ALJ further concluded that although one of the two positive reports was based upon the findings of a physician who was a "B" reader, four of the physicians who issued negative findings also possessed "B" reader credentials. Accordingly, after weighing the conflicting interpretations of the x-ray films prior to invocation, the ALJ concluded that the weight of the x-ray evidence did not support a finding of affliction with black lung. The ALJ further noted that petitioner was subjected to a clinical examination, a blood gas study, and a ventilatory study, but none of the reports from those studies provided any evidence of a breathing impairment or indicated a disabling condition under the applicable regulations (20 C.F.R. § 727.203(a)(2), (a)(3), or (a)(4)). Thus, invocation of the interim presumption pursuant to section 727.203(a) was denied.

Thereafter, petitioner appealed the ALJ's decision to the BRB and on March 23, 1987, the BRB reversed and remanded instructing the ALJ to reconsider petitioner's claim in light of the holding in *Stapleton v. Westmoreland Coal Co.*, 785 F.2d 424 (4th Cir. 1986) (en banc), *rev'd sub nom. Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), a case which was decided subsequent to the issuance of the ALJ's initial decision and order.

Upon remand, the ALJ concluded that pursuant to the *Stapleton* decision, which held that a single positive x-ray interpreta-tion, qualifying diagnostic test or medical report was sufficient to trigger the Part 727 interim presumption, *id.* at 426, the evidence was sufficient to establish invocation of the interim presumption pursuant to section 727.203(a)(1) since one physician (Dr. Asbahi) found that an x-ray film established the presence of pneumoconiosis. The ALJ further found that the Director failed to rebut the presumption pursuant to section 727.203(b).[2] Accordingly, benefits were awarded.

After benefits were awarded, the Director appealed to the BRB contending that subsequent to the ALJ's decision and order on remand conferring benefits, the United States Supreme Court overruled the *Stapleton* holding in *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), wherein the Court supplanted the *Stapleton* requirement of invocation of the interim presumption upon the presence of a single item of qualifying evidence with the rule that invocation pursuant to any subpart of section 727.203(a) had to be invoked by a preponderance of the evidence. The Director further alleged that the ALJ in his original decision denying benefits properly weighed the evidence of record in accordance with *Mullins* and, therefore, the initial order denying benefits should be reinstated.

Relying upon the *Mullins* decision, the BRB concluded that the ALJ's finding of invocation on remand pursuant to *Stapleton* was improper. Rather than remanding for reconsideration in light of *Mullins*, however, the BRB held that while the ALJ's finding of invocation on remand was not supported by substantial evidence, the

---

(4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishing the presence of a totally disabling respiratory impairment.

**2.** 20 C.F.R. § 727.203(b) provides in pertinent part:

(b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:

(1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see § 410.412(a)(1) of this title); or

(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see § 410.412(a) of this title); or

(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or

(4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.

ALJ's initial weighing of the evidence of record on February 5, 1985, pursuant to section 727.203(a)(1)–(a)(4) wherein benefits were denied, comported with the standard promulgated by the Supreme Court in *Mullins*. Accordingly, on August 24, 1989, the BRB reinstated the ALJ's initial decision and order denying benefits under Part 727. Petitioner's timely appeal ensued.

## II.

### A.

Petitioner's initial contention on appeal is that in the event the retroactive application of *Mullins* is upheld, the BRB erred by not remanding petitioner's case to the ALJ for reconsideration pursuant to the *Mullins* "preponderance of the evidence" standard. Petitioner maintains that because *Mullins* was decided after the ALJ hearing on October 4, 1984 as well as after the ALJ's decision and order denying benefits dated February 5, 1985, he was denied the opportunity to offer proof directed at the post-*Mullins* standard and thus, due process requires the remand of his claim for the development of additional medical evidence directed at the "new" (*Mullins*) standard for invoking the interim presumption. We disagree.

■■■ Procedural due process requires that all parties be given reasonable notice of the pendency of an action and an opportunity for a hearing where their objections can be presented. *Jordan v. Benefits Review Bd.*, 876 F.2d 1455, 1459 (11th Cir.

1989). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Where the ALJ or BRB has erred by reviewing evidence under an incorrect legal standard, remand of the case for additional proceedings is normally appropriate. *See Tackett v. Benefits Review Bd.*, 806 F.2d 640 (6th Cir.1988); *Harlan Bell Coal Co. v. Lemar*, 904 F.2d 1042 (6th Cir.1990). Remand is especially appropriate where the applicable law has changed in the course of legal proceedings so as to enable both parties to present proof directed at the "new" legal standard. *Id.* In the case at bar, however, we do not find that due process mandates remanding petitioner's claim to the ALJ.

■■ In *Tackett v. Benefits Review Bd.*, 806 F.2d 640 (6th Cir.1988), we held that where a petitioner had no reason to provide medical evidence on a determinative issue which arose as a result of a change in the applicable law after the case was first considered by the ALJ, remand was necessary for the submission of additional medical evidence directed at the "new" determinative issue.[3] In the case at bar, we find that petitioner had reason to provide medical evidence on the determinative issue of an x-ray establishing the existence of pneumoconiosis pursuant to section 727.203(a)(1) at the time of his initial hearing before the ALJ in 1984.

Petitioner's contention that at the time he filed for benefits he submitted evidence of pneumoconiosis which satisfied the burden of proof to invoke the interim presump-

---

3. In *Tackett*, the ALJ granted benefits to a miner's survivor after reviewing evidence of the miner's lung cancer and concluding that lung cancer was a chronic disease as a matter of law, thus invoking the statutory presumption of death due to pneumoconiosis pursuant to section 921(c)(2). Thereafter, on appeal to the BRB both parties argued their positions, but before the Board reached its decision, the Board reversed its previous interpretation of the law and held that before the statutory presumption could be invoked, a petitioner had to establish that the miner's lung cancer was a chronic disease of the lung.

In reversing and remanding the BRB's decision we held that:

In the present case, applying the rule [requiring proof that the miner's lung cancer

was a chronic disease of the lung] ... does not result in manifest injustice if petitioner has the opportunity to present proof that the miner's lung cancer constituted a chronic lung disease and suggests a reasonable possibility that death was due to pneumoconiosis. The Board concluded that petitioner did not meet this requirement because the miner's lung cancer was not described as chronic. As petitioner points out, there was no reason for her to provide testimony on this issue because ... the law at the time of the hearing, held that lung cancer was a chronic lung disease sufficient to invoke the presumption. Accordingly, a remand to the ALJ is necessary. *Tackett*, 806 F.2d at 642.

tion under the then prevailing interpretation of section 727.203(a)(1) through (a)(4) is misguided. While the x-ray evidence submitted by petitioner did suffice to invoke the interim presumption pursuant to *Stapleton v. Westmoreland Coal Co.,* 785 F.2d 424 (4th Cir.1986) (en banc), *rev'd sub nom. Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), *Stapleton* was not decided until February 26, 1986. At the time of petitioner's initial hearing before the ALJ on October 4, 1984, and at the time of the ALJ's initial decision and order denying benefits, the applicable law was the same as subsequently upheld in *Mullins* and thus contrary to *Stapleton.*

Prior to *Stapleton,* when petitioner's case was first argued before the ALJ in 1984 and ruled upon by the ALJ in 1985, the applicable law was settled that the interim presumption at 20 C.F.R. § 727.203(a)(1) could only be invoked if the weight of the x-ray interpretations of record established the existence of pneumoconiosis by a preponderance of the evidence. *See Lawson v. Secretary of Health and Human Services,* 688 F.2d 436, 438 (6th Cir.1982) ("When x-ray evidence is in conflict, it is for the Secretary to weigh the

evidence to determine whether the x-rays establish pneumoconiosis."); *Consolidated Coal Co. v. Sanati,* 713 F.2d 480, 482 (4th Cir.1983) (rev'd in part by *Stapleton* ) (when there is conflicting evidence an administrative tribunal must "ascertain whether or not the petitioner has established the presence of the impairment by a preponderance of the evidence, and in so doing" consider and weigh all the evidence); *Meadows v. Westmoreland Coal Co.,* 6 Black Lung Rep. (MB) 1–773 (Ben. Rev.Bd.1984) (upholding ALJ's denial of invocation pursuant to section 727.203(a)(1) after weighing six conflicting x-ray readings); *Justice v. Jewell Ridge Coal Corp.,* 3 Black Lung Rep. 1–547, 1–550 (Ben.Rev. Bd.1981) (ALJ must consider and weigh all the competent and relevant evidence bearing on the fact in question in determining whether to invoke the presumption set forth in § 727.203(a)(1)). Consequently, when petitioner first argued before the ALJ in 1984, the applicable legal standard for invocation under section 727.203(a)(1) was the same standard ultimately upheld by the Supreme Court in *Mullins* in 1987.[4] While *Stapleton* did expressly overrule *Sanati* insofar as the *Sanati* opinion held that one qualifying physician's opinion did

---

**4.** Because petitioner's claim was originally considered by the ALJ pursuant to the same legal standard for invocation under section 727.203(a)(1) as was subsequently upheld by the Supreme Court in *Mullins,* we find that the instant case is distinguishable from *Harlan Bell Coal Co. v. Lemar,* 904 F.2d 1042 (6th Cir.1990). In *Harlan Bell,* after the record in the miner's case was closed but before the ALJ had issued an order, this court altered the legal standard for rebuttal of the interim presumption pursuant to 20 C.F.R. § 727.203(b)(2) in *York v. Benefits Review Bd.,* 819 F.2d 134 (6th Cir.1987). Pursuant to the post-*York* standard, the Board reversed the ALJ's previous denial of benefits and remanded the case for the entry of a benefits award. In denying Harlan Bell's motion for reconsideration, the Board concluded that, "there was no impropriety in its application of intervening case law without providing Harlan Bell the opportunity to present evidence under the new standard." *Harlan Bell Coal Co. v. Lemar,* 904 F.2d 1042, 1045 (6th Cir.1990). In reversing the Board's decision on appeal, this court held that the Board had overstepped its statutory authority by usurping the ALJ's fact-finding function. Moreover, this court concluded that reversal was in order because Harlan

Bell was afforded no opportunity to rebut Lemar's claims with proof directed at the post-*York* standards.

Although the case at bar appears to be similar to *Harlan Bell* in that *Mullins* was decided by the Supreme Court after the ALJ hearing just as *York* was decided after the ALJ hearing in *Harlan Bell,* the cases are considerably different. Unlike *Harlan Bell* wherein the pre-*York* and post-*York* standards were substantially different, in the instant case, the "new" post-*Mullins* standard for invocation of the interim presumption was essentially the same as the "old" standard under which petitioner's claim was initially considered and rejected by the ALJ. Because the *Mullins* decision eliminated any meaningful distinction between the "old" and "new" standards for invocation of the interim presumption by confirming what had been the prevailing law utilized by the ALJ in his initial decision denying petitioner's claim for benefits, petitioner in the case at bar, unlike in *Harlan Bell,* was afforded an opportunity to present evidence directed at the "new" standard when the case was originally heard by the ALJ. Thus, we find that the due process violation in *Harlan Bell* is not present in the instant case.

not necessarily invoke the interim presumption, *Stapleton,* as previously noted, was not decided until *after* the initial hearing and decision by the ALJ denying benefits in 1985.

Thus, although the applicable legal standard changed during the course of the proceedings, unlike *Tackett,* petitioner's due process rights were not violated since petitioner was not precluded from presenting all relevant medical evidence at the initial hearing before the ALJ. In the case at bar, the applicable legal standard travelled a full circle beginning and ending at the same place, "preponderance of the evidence." The intervening aberration of the *Stapleton* holding does not bolster petitioner's due process claim since petitioner was afforded the opportunity and had every reason to present evidence directed at the legal standard ultimately adopted in *Mullins* at his initial hearing before the ALJ wherein benefits were denied. Since the interpretation of section 727.203(a) articulated by the Supreme Court in *Mullins* was the applicable standard in effect when petitioner's claim was first considered by the ALJ, petitioner's assertion that the BRB took his benefits away solely on a new interpretation of a regulation without giving him an opportunity to be heard is baseless.

### B.

█ Petitioner further maintains that if his claim were remanded pursuant to *Mullins,* the ALJ could award benefits based solely upon the one positive x-ray interpretation by a "B" reader. In support of his contention, petitioner cites language from *Mullins* that "a single item of qualifying evidence *may* be sufficient to invoke the presumption." *Mullins,* 484 U.S. at 156, 108 S.Ct. at 438 (emphasis added). However, *Mullins* further held that one item of qualifying evidence was not always suffi-

cient to invoke the interim presumption. *Id.* at 157, 108 S.Ct. at 439.[5]

While the preponderance of the evidence standard envisioned by the Supreme Court in *Mullins* does not amount to a mere counting of positive versus negative x-ray interpretations, we find, as did the BRB, that given the five negative x-ray interpretations by board certified readers as well as the negative clinical examination, non-qualifying blood gas study, and negative ventilatory study, the ALJ's initial conclusion upon weighing the evidence that a preponderance of the evidence precluded invocation of the interim presumption was supported by substantial evidence. For the ALJ to reverse himself on remand would be wholly irrational in light of his original decision wherein he carefully weighed the evidence of record and denied invocation of the interim presumption. Accordingly, we find that the ALJ's 1985 decision clearly applied and satisfied the dictates of the subsequent *Mullins* decision.

As we agree with the BRB that the ALJ did not err in his initial weighing of the evidence of record prior to invocation pursuant to section 727.203(a)(1)–(a)(4), and that petitioner's due process rights were not violated since he was afforded an opportunity to present evidence pursuant to what was at the time and subsequently adjudicated the applicable evidentiary standard for invocation of the interim presumption, we will not disturb the BRB's reinstatement of the ALJ's initial decision denying benefits based upon petitioner's initial contention on appeal.

### III.

█ Petitioner's final contention on appeal is that due process requires that the evidentiary standard promulgated by the Supreme Court in *Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987) not be applied retroactively and that the ALJ's 1987 decision

---

**5.** Interestingly, when petitioner's claim was initially considered by the ALJ, this was the prevailing interpretation of section 727.203(a). *See Consolidated Coal Co. v. Sanati,* 713 F.2d 480, 482 n. 3 (4th Cir.1983) (rev'd in part by *Stapleton*) ("We do not quarrel with the proposition that a single opinion of a physician may be sufficient to invoke the presumption. What we do say is that one such opinion in the presence of other and contrary evidence may not require the presumption to be invoked, absent a weighing of the opinion against the other evidence.").

awarding benefits made pursuant to *Stapleton v. Westmoreland Coal Co.*, 785 F.2d 424 (4th Cir.1986) be reinstated.

However, the law is settled that "a court must apply the law in effect at the time it renders its decision unless doing so results in manifest injustice or there is legislative history or a statutory directive to the contrary." *Tackett v. Benefits Review Bd.*, 806 F.2d 640, 642 (6th Cir.1986) (quoting *Bradley v. School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)). Thus, absent "manifest injustice," the application of intervening case law in a black lung proceeding is appropriate.

Since we have found that petitioner was afforded the opportunity to present and did submit all relevant evidence in support of his claim, and that petitioner's claim was initially considered under the same legal standard as subsequently upheld in *Mullins*, we find no due process violation constituting "manifest injustice."

### IV.

Accordingly, the August 24, 1989 decision and order of the BRB reinstating the February 8, 1985 decision and order of the ALJ denying petitioner's claim is affirmed.