919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Angelo SHEPHERD, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3253.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Angelo Shepherd petitions for review of the Benefits Review Board's decision affirming a denial of benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Shepherd filed his claim for benefits on May 21, 1974. The Department of Labor denied the claim on March 3, 1980. Shepherd appealed this decision and, after a formal hearing, an administrative law judge (ALJ) found that Shepherd was not entitled to benefits under 20 C.F.R. Part 410. The ALJ also determined that these were the only regulations applicable to the claim. Shepherd appealed the ALJ's decision to the Benefits Review Board, which remanded the case to the ALJ for reconsideration of three medical opinions in the record.
 
 
 4
 Upon remand, the ALJ again denied benefits under Part 410 of the regulations. On a second appeal to the Board, the ALJ's denial of benefits was affirmed. The Board further noted that, in the interim, this court had decided the case of Knuckles v. Director, OWCP, 869 F.2d 996 (6th Cir.1989), mandating that claims adjudicated at least in part after March 31, 1980, must also be considered under 20 C.F.R. Part 718. As Knuckles applied to Shepherd's case, the Board weighed the evidence, applied the standards set forth in Part 718, and determined that benefits should also be denied pursuant to these regulations.
 
 
 5
 In his petition for review, Shepherd alleges that: (1) the ALJ should have taken judicial notice of and was bound by the determination of a Social Security administrative law judge, in August of 1975, that the claimant was totally disabled for purposes of receiving benefits under the Social Security Act; (2) the ALJ and the Director were bound, under the principle of collateral estoppel, by the Kentucky Workers' Compensation Board finding that Shepherd had disabling pneumoconiosis arising from coal mine employment; (3) the ALJ improperly weighed the evidence in determining that it did not establish pneumoconiosis and by assigning greater weight to x-ray interpretations by "B" readers over examining physicians' opinions; (4) the ALJ improperly required a showing that Shepherd was totally disabled by a pulmonary impairment in order to qualify for benefits; (5) the claimant was entitled to benefits under the presumption provided under Sec. 727.203(a)(1); (6) the ALJ erred in his determination that the evidence was insufficient to trigger the interim presumption under Sec. 410.490(b)(1)(i); and (7) the claim should have been remanded to the ALJ for factual findings and a decision under the standards of Part 718, pursuant to Knuckles, 869 F.2d at 998-99.
 
 
 6
 This court's standard of review in Black Lung cases requires it to affirm the decision below if it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). This court will not consider the arguments numbered (1) and (2), above, as these arguments were not raised on appeal to the Board. Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987); Cox v. Benefits Review Bd., 791 F.2d 445, 447 (6th Cir.1986) (per curiam).
 
 
 7
 The ALJ's decision to reject certain medical evidence as unreasoned and not well-documented is within his discretion and supported by the record. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 154-55 (1987); Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989); Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). It was also proper for the ALJ to assign greater weight to x-ray interpretations by radiologists with superior credentials and expertise. Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 262 (6th Cir.1988). The ALJ and the Board also correctly determined that Part 727 of the regulations is inapplicable to Shepherd's claim, in that he did not establish the requisite 10 years of coal mining employment to be entitled to the presumptions provided under that Part.
 
 
 8
 However, the Board exceeded its statutory authority by weighing the evidence de novo under a legal standard, i.e., Part 718, not applied by the ALJ in his original decision and order. Harlan Bell Coal Co. v. Lemar, 904 F.2d 1042, 1046 (6th Cir.1990); Tackett v. Benefits Review Bd., 806 F.2d 640, 642 (6th Cir.1986). Where the applicable law has changed, as in this case, it is especially appropriate to remand to the ALJ to allow the parties to present proof directed at the new interpretation of the law. Harlan, 904 F.2d at 1047; Tackett, 806 F.2d at 642.
 
 
 9
 Accordingly, the case is remanded to the Benefits Review Board with instructions to remand to the ALJ for consideration of Shepherd's claim under Part 718, pursuant to Rule 9(b)(6), Rules of the Sixth Circuit. Pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, the decision of the Benefits Review Board is affirmed in all other respects.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation