81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In the Matter of ISLAND CREEK COAL COMPANY; Old Republic
Companies, Petitioners,
v.
Garrett M. HAMMONDS; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-4110.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges; and MATIA, District Judge*
 
 
 2
 PAUL R. MATIA, District Judge.
 
 
 3
 Petitioners, Island Creek Coal Company and Old Republic Companies, appeal from a Decision and Order of the Benefits Review Board that affirmed the award of benefits to a coal miner under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. This appeal was timely filed.
 
 
 4
 The following issue is presented by petitioners for our review:
 
 
 5
 Whether the decisions and orders of the Administrative Law Judge and the Benefits Review Board are supported by substantial evidence and are in accordance with law?
 
 
 6
 For the reasons that follow, we conclude that substantial evidence supports the ALJ's findings of fact and conclusions of law. The Benefits Review Board properly found that the ALJ's findings and conclusions are consistent with the applicable law. Therefore, we affirm the benefits award.
 
 
 7
 * Garrett M. Hammonds ("Mr. Hammonds" or "the miner") worked for petitioner, Island Creek Coal Company ("Island Creek" or "the employer"),[1] from April 1, 1957 until July 31, 1977. His last mining job was as a Payroll Supervisor.
 
 
 8
 On April 26, 1979, Mr. Hammonds filed a claim with the United States Department of Labor ("DOL")[2] for federal black lung benefits. After development of the medical evidence, including the procurement of a medical report by Dr. Valentino S. Simpao that was favorable to the miner, the DOL made an initial determination on February 11, 1980 that Mr. Hammonds was entitled to benefits. At the same time, the DOL notified Island Creek, the last coal mine employer of Mr. Hammonds, of its liability for the claim. Island Creek contested the claim. On September 2, 1980, Island Creek had the miner examined by its own doctor, Dr. William H. Getty, who found that Mr. Hammonds had no respiratory impairment.
 
 
 9
 After reviewing all of the medical evidence, on December 3, 1980 the DOL again found that the miner was entitled to benefits. Island Creek contested this finding, and submitted a supplemental report from Dr. Simpao along with other evidence. The DOL reversed its position. An informal conference was held on September 15, 1981. On April 30, 1982, the DOL found that the miner was not entitled to benefits. The DOL determined that although the miner was entitled to the presumption of entitlement at 20 C.F.R. § 727.203(a)(1) based upon the weight of the chest x-ray readings of record, this presumption was rebutted by evidence that the miner was able to do his usual coal mine work. (J.A. at 162-69) Mr. Hammonds contested this decision and requested a formal hearing.
 
 
 10
 On October 28, 1983, the case was referred to the Office of Administrative Law Judges. On September 5, 1985, Administrative Law Judge Robert S. Amery ("the ALJ") notified the parties that the case was set for hearing on November 20, 1985. Island Creek submitted additional evidence including more recent x-ray readings. On October 30, 1985, Mr. Hammonds submitted a favorable medical report, dated September 27, 1985, from Dr. Sam H. Traughber. The medical report and x-ray report were sent to the other parties just prior to the deadline imposed by the "twenty-day rule" set forth in 20 C.F.R. § 725.456(b) for submitting documentary evidence into the record.[3] In response to the submission of the report of Dr. Traughber, Island Creek filed a motion for new examination (J.A. at 216-23) requesting "that the Administrative Law Judge order the Claimant to undergo a new examination by a physician of the Employer's choice in order to have reasonably contemporaneous evidence." Id. at 217.
 
 
 11
 A hearing was held before the ALJ on November 20, 1985. During the hearing, the ALJ admitted into evidence the medical report prepared by Dr. Traughber. (J.A. at 12-13) The ALJ denied the employer's request to obtain a contemporaneous examination of Mr. Hammonds based solely on the twenty-day rule. Id. at 12. However, the ALJ did grant without objection Island Creek's request to obtain a rereading of the x-ray relied upon by Dr. Traughber. Id. at 42.
 
 
 12
 On April 25, 1986, the ALJ issued a Decision and Order--Awarding Benefits. (J.A. at 224-35) The ALJ found that the miner was eligible for the presumption of entitlement of 20 C.F.R. Part 727 because he had worked in coal mine employment for more than 10 years. After assessing the medical opinion evidence, the ALJ concluded that it established a totally disabling respiratory condition, thereby invoking the presumption of entitlement at 20 C.F.R. § 727.203(a)(4). The award of benefits to Mr. Hammonds was based in part on the recency of Dr. Traughber's report. Finally, the ALJ concluded that the medical evidence was insufficient to rebut the presumption of entitlement under subsections (b)(1), (b)(2), (b)(3) or (b)(4) of 20 C.F.R. § 727.203. Petitioners appealed to the Benefits Review Board ("the Board").
 
 
 13
 On June 30, 1988, a three-judge panel of the Board issued a Decision and Order affirming in part, vacating in part and remanding the matter for further findings. (J.A. at 236-42) The Board vacated the ALJ's findings that invocation was established under § 727.203(a)(4) and that insufficient evidence existed to establish rebuttal under § 727.203(b)(3). However, the denial of Island Creek's motion for new examination was affirmed as properly within the discretion of the ALJ.
 
 
 14
 On July 21, 1988, petitioners filed a motion for reconsideration by the original panel with a suggestion for reconsideration en banc (J.A. at 243-58) regarding the Board's decision to affirm the ALJ's denial of the employer's request to obtain a contemporaneous examination of Mr. Hammonds. On January 5, 1993 the Board denied the motion for reconsideration en banc without comment. (J.A. at 286)
 
 
 15
 On January 8, 1993, Island Creek filed a motion to reopen record (J.A. at 288-90) with the ALJ for the development of additional medical evidence. On June 30, 1993, the ALJ issued a Decision and Order on Remand (J.A. at 298-302) denying the motion to reopen and awarding benefits to Mr. Hammonds. The ALJ found that the opinion of Dr. Simpao established a totally disabling respiratory condition, thereby invoking the presumption of entitlement at 20 C.F.R. § 727.203(a)(4). The ALJ, citing Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985), also found no § 727.203(b)(3) rebuttal because the opinion of Dr. Getty was outweighed by the more recently developed opinion of Dr. Traughber. Island Creek filed a Notice of Appeal with the Board.
 
 
 16
 On August 31, 1994 the Board issued a Decision and Order (J.A. at 303-08) affirming the decision not to reopen the record and awarding benefits. It also affirmed the findings of the ALJ that invocation of the interim presumption at § 727.203(a)(4) was established by the claimant and that Island Creek had failed to establish rebuttal at subsection (b)(3).
 
 
 17
 A Petition for Review was filed with this Court.
 
 II
 
 18
 Island Creek argues that it has been denied its due process right to a full and fair hearing by the ALJ and the Board.[4] The employer asserts that the ALJ abused his discretion as the trier of fact by not granting its request to obtain a contemporaneous medical examination of Mr. Hammonds in response to Dr. Traughber's report. The Board's decision "represents a drastic break from the salutary principles previously approved by the Board" in its decisions in Thomas v. Director, OWCP, 9 Black Lung Rep. (MB) 1-239 (Ben.Rev.Bd.1987), and Shedlock v. Bethlehem Mines Corp., 9 Black Lung Rep. (MB) 1-195 (Ben.Rev.Bd.1986). Brief of Petitioners at 12. But see Owens v. Jewell Smokeless Coal Corp., 14 Black Lung Rep. (MB) 1-47 (Ben.Rev.Bd.1990) (Shedlock does not require that employer be allowed to have claimant reexamined; rather, the employer must be given an opportunity to respond to evidence submitted just prior to the deadline imposed by the "twenty-day rule"). Petitioners urge this Court to vacate the decisions and orders of the ALJ and the Board, and to remand this claim with instructions to permit Island Creek to obtain whatever evidence is available that is contrary to Dr. Traughber's report or that tests the credibility of the report. Id. at 14 and 17.[5]
 
 
 19
 We agree with the Federal Respondent that petitioners were not entitled to have the miner reexamined.[6] In North American Coal Co. v. Miller, 870 F.2d 948 (3d Cir.1989), the employer requested permission to have the miner reexamined by a doctor of its choice and to depose the miner's doctor. The Third Circuit found that the employer's request for a deposition of the miner's doctor should have been granted by the ALJ. Id. at 951. The opinion, however, is silent with regard to the ALJ's denial of the employer's request to have the miner reexamined. We hold that petitioners' right to cross-examine and have a fair hearing in the instant appeal did not include the further right to develop additional affirmative evidence through a reexamination of the miner by a physician of the employer's choice.
 
 
 20
 The motion for new examination only requested permission to have the miner examined by a doctor of the employer's choice. Island Creek did not request that it be given the opportunity to have Dr. Traughber deposed or to have another doctor review his test results and report.[7] Therefore, Island Creek waived its right to develop and submit rebuttal evidence to Dr. Traughber's report.
 
 III
 
 21
 Second, petitioners contend that the Board's Decision and Order affirming the decision not to reopen the record for the development of additional evidence as a result of the change in the legal standards under § 727.203(b) is irrational and contrary to applicable law. The ALJ issued a Decision and Order--Awarding Benefits on April 25, 1986. On May 18, 1987, this Court decided York v. Benefits Review Bd., 819 F.2d 134 (6th Cir.1987). Petitioners maintain that York "drastically altered the section 727.203(b) rebuttal rules." Brief of Petitioners at 17. Island Creek states that it filed the motion to reopen record with the ALJ in January, 1993 because of the York decision and because the development of medical evidence in the instant case was based upon the § 727.203(b)(3) rebuttal standards that were applied in federal black lung claims at the time of the issuance of the Decision and Order--Awarding Benefits of the ALJ, i.e. April 25, 1986. Id. Petitioners also argue that the Board's Decision and Order affirming the decision not to reopen the record for the development of additional evidence is in direct conflict with this Court's decisions in Harlan Bell Coal Co. v. Lemar, 904 F.2d 1042 (6th Cir.1990), and Tackett v. Benefits Review Bd., 806 F.2d 640 (6th Cir.1986). We disagree.
 
 
 22
 In York, this Court held that (b)(2) rebuttal required the employer to show "that the miner is able to do his usual coal mine work or comparable and gainful work. [It] cannot merely rely upon a showing the miner was not totally disabled by the respiratory impairment alone. Rather, [it] must show the miner is not disabled." York, 819 F.2d at 138. See also Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 249 (6th Cir.1995). Petitioners assert that "[t]he Sixth Circuit's shift of the focus of the section 727.203(b)(2) rebuttal standard from respiratory disability to whole man disability also shifted the focus of the subsection (b)(3) inquiry. Before York was issued, the focus of (b)(3) rebuttal was causation of respiratory disability. Since York was issued[,] the focus of (b)(3) rebuttal is causation of whole man disability." Brief of Petitioners at 20.
 
 
 23
 In the Decision and Order--Awarding Benefits issued in April, 1986, the ALJ concluded that the medical evidence was insufficient to rebut the presumption of entitlement under subsections (b)(1), (b)(2), (b)(3) or (b)(4) of § 727.203. In its June, 1988 Decision and Order, the Board affirmed the finding of the ALJ that the employer had not established rebuttal of the interim presumption under subsections (b)(1), (b)(2) or (b)(4), but vacated the ALJ's finding that insufficient evidence existed to establish rebuttal under § 727.203(b)(3). Therefore, Island Creek has never established (b)(2) rebuttal. As the Federal Respondent succinctly states at pages 24-25 of its brief, York "simply does not support Island Creek's request to reopen the record for a second bite of the (b)(3) apple." Unlike Peabody Coal Co. v. Greer, 62 F.3d 801 (6th Cir.1995), there is no evidence in the record of the instant appeal that petitioners ignored (b)(3) because rebuttal under (b)(2) was easier before York was issued in 1987. Greer does not require remand of the claim because Island Creek was not "lulled" in the case at bar--it argued that rebuttal was established under (b)(1), (b)(2), (b)(3), and (b)(4).
 
 
 24
 Petitioners correctly state that the Board's rule of law defining the burden of proof under § 727.203(b)(3) that was in effect when the evidence was developed in the instant case was substantially different than the present (b)(3) standard. At the date of the ALJ's decision, rebuttal of the § 727.203(a) presumption was established under (b)(3) by proving that there was no significant relationship between a miner's total disability and his coal mine employment. See Jones v. The New River Co., 3 Black Lung Rep. (MB) 1-199 (Ben.Rev.Bd.1981); Borgeson v. Kaiser Steel Corp., 8 Black Lung Rep. (MB) 1-312 (Ben.Rev.Bd.1985) (en banc ) (Borgeson II ). In 1989, the Board overruled Borgeson II and adopted the current (b)(3) rebuttal standard in Borgeson v. Kaiser Steel Corp., 12 Black Lung Rep. (MB) 1-169 (Ben.Rev.Bd.1989) (Borgeson III ). After Borgeson III, the employer opposing entitlement is required to rule out any relationship between the miner's disability and his occupational exposure.
 
 
 25
 However, there has not been any change in this Court's interpretation of the legal standard relevant to § 727.203(b)(3) rebuttal. The present legal standard was clearly in effect at least one year prior to the time of the administrative hearing. As the Board stated at page 3 of its Decision and Order (J.A. at 303-08) issued on August 31, 1994,
 
 
 26
 [c]ontrary to employer's argument under Section 727.203(b)(3), ... employer must prove that a miner's disability did not arise, in whole or in part, from his coal mine employment. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 7 BLR 2-53 (6th Cir.1984), cert. den., 471 U.S. 1116 (1985). This standard has not changed since the administrative law judge originally awarded benefits. See Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 11 BLR 2-62 (6th Cir.1988); Gibas, supra.
 
 
 27
 For the foregoing reasons, we find no merit in petitioners' complaint that the Decision and Order on Remand (J.A. at 298-302) denying the motion to reopen, issued by the ALJ on June 30, 1993, did not meet the requirements of the Administrative Procedure Act because it did not provide an adequate "statement of ... findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c). Rasel v. Bethlehem Mines Corp., 1 Black Lung Rep. (MB) 1-918 (Ben.Rev.Bd.1978); Kalinowski v. Consolidation Coal Co., 4 Black Lung Rep. (MB) 1-551 (Ben.Rev.Bd.1982). The objectives of § 557(c) to prevent arbitrary agency decisions, provide parties with a reasoned explanation for those decisions, settle the law for future cases, and furnish a basis for effective judicial review have been met. 4 STEIN, MITCHELL & MEZINES, ADMINISTRATIVE LAW § 39.05 (June 1991).
 
 IV
 
 28
 Third, petitioners assert that the Board's affirmation of the ALJ's finding that invocation was established under § 727.203(a)(4) is mistaken. In the June 30, 1993 Decision and Order on Remand, the ALJ relied on Dr. Simpao's medical opinion to establish (a)(4) invocation. Petitioners maintain that this reliance is erroneous for two reasons. First, Dr. Simpao did not make a finding of a totally disabling pulmonary or respiratory impairment in his examination report or supplemental report. Second, the ALJ did not provide a valid explanation for discrediting Dr. Getty's medical report. Petitioners request that this Court remand this case to the ALJ for "reconsideration of whether the interim presumption was properly invoked under subsection (a)(4)." Brief of Petitioners at 24.
 
 
 29
 We hold that the invocation of the interim presumption under (a)(4) is supported by substantial evidence. Section 727.203(a)(4), 20 C.F.R. provides in pertinent part:
 
 
 30
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, ... arising out of that employment, if one of the following medical requirements is met:
 
 
 31
 * * *
 
 
 32
 * * *
 
 
 33
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment:
 
 
 34
 * * *
 
 
 35
 * * *
 
 
 36
 Dr. Getty felt the miner's bronchitis was not incapacitating and all his other ailments had nothing to do with his mining experience or dust exposure. J.A. at 102-103. Dr. Traughber opined that Mr. Hammonds was "totally disabled" and he had a pulmonary impairment. However, he could not discern how much of the total disability was due to Mr. Hammonds' pulmonary dysfunction. J.A. at 204. Dr. Simpao stated in 1979 that the miner had a "moderate to total" disability from his pulmonary fibrosis with chronic bronchitis which could be ascribed to his occupational exposure. J.A. at 83. Dr. Simpao also declared in 1982 that the miner "appears to be able to do some minimal work; however, further exposure to coal dust is inadvisable." J.A. at 142. Comparing this assessment with the testimony of Mr. Hammonds regarding the exertional requirements of the miner's last job as a Payroll Supervisor, the ALJ rationally found that the mining job required more than minimal work and that Mr. Hammonds would be unable to do it. Therefore, the ALJ properly found that the miner had established the presence of a totally disabling respiratory or pulmonary impairment. J.A. at 300. We agree with the Board that the ALJ "permissibly found Dr. Simpao's opinion supported by Dr. Traughber's opinion, the most recent of record, and found that these opinions outweighed Dr. Getty's opinion that claimant was not disabled." J.A. at 304-05.
 
 V
 
 37
 The final argument of petitioners is that the Board's affirmation of the ALJ's determination that insufficient evidence existed to establish rebuttal under § 727.203(b)(3) is irrational, contrary to applicable law and unsupported by the evidence of record. Petitioners assert that the ALJ incorrectly relied on the recency of Dr. Traughber's medical opinion and discredited the medical opinion of Dr. Getty in finding no (b)(3) rebuttal. Petitioners request that this Court set aside the subsection (b)(3) findings and remand this case to the ALJ for reconsideration for two reasons. First, as discussed in section II above, Island Creek was not allowed to respond to Dr. Traughber's report with "like-kind" evidence; and then the ALJ granted benefits in part because the employer had not presented contemporaneous "like-kind" evidence. Second, the ALJ's explanation for discrediting Dr. Getty's opinion for purposes of (b)(3) rebuttal also is inadequate.
 
 
 38
 We hold that the ALJ's finding that petitioners have failed to establish rebuttal at subsection (b)(3) is supported by substantial evidence. Section 727.203(b)(3), 20 C.F.R. states in pertinent part:
 
 
 39
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 
 
 40
 * * *
 
 
 41
 * * *
 
 
 42
 (3) The evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment;
 
 
 43
 * * *
 
 
 44
 * * *
 
 
 45
 Based upon the medical opinions of Drs. Traughber and Simpao, the ALJ properly found that the total disability of Mr. Hammonds was due at least in part to pneumoconiosis. Dr. Traughber felt that Mr. Hammonds was "totally disabled" and he had a pulmonary impairment. However, he could not discern how much of the total disability was due to Mr. Hammonds' pulmonary dysfunction. J.A. at 204. Dr. Traughber's opinion is supported to some extent by Dr. Simpao, who stated that the miner had a "moderate to total" disability from his pulmonary fibrosis with chronic bronchitis which could be ascribed to his occupational exposure. J.A. at 83. Where pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits. Gibas, 748 F.2d at 1120.
 
 
 46
 The only medical opinion with the possibility of establishing that Mr. Hammonds' respiratory condition did not arise, in whole or in part, from his coal mine employment is that of Dr. Getty. Dr. Getty opined that the miner's bronchitis was "related probably entirely to his smoking habits." (emphasis added) J.A. at 103. However, this view is mere speculation that does not establish that pneumoconiosis was not a cause of Mr. Hammonds' disability. Thus, the ALJ did not err in discrediting Dr. Getty's opinion. See Garcia v. Director, OWCP, 869 F.2d 1413, 1416-17 (10th Cir.1989).
 
 VI
 
 47
 For the foregoing reasons, the Decision and Order of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Petitioner, Old Republic Companies, is the approved workmen's compensation insurance carrier for Island Creek
 
 
 [2]
 Director, Office of Workers' Compensation Programs, United States Department of Labor ("Federal Respondent")--administrator of the black lung program--is a statutory party. 30 U.S.C. § 932(k)
 
 
 [3]
 Evidence is considered timely submitted if it is offered to all parties at least twenty days before the hearing. Section 725.456(b)(1), 20 C.F.R. refers to documentary evidence, including medical reports, having to be submitted "... to all other parties at least 20 days before a hearing...."
 
 
 [4]
 Petitioners correctly state that the DOL agrees with this argument. Brief of Petitioners at 16-17. See Brief of the Federal Respondent at 10-11 and 12-17. However, the Federal Respondent does not believe that the employer's right to respond to Dr. Traughber's report extends to a new examination of the miner. Brief of the Federal Respondent at 11 and 17-20
 
 
 [5]
 Mr. Hammonds died on April 15, 1993. He is survived by his wife, Iva Mae Hammonds
 
 
 [6]
 Island Creek had the miner examined by Dr. Getty in September, 1980
 
 
 [7]
 However, we note that the ALJ did keep the record open following the hearing so that Island Creek could obtain a rereading of the x-ray relied upon by Dr. Traughber. J.A. at 42. In fact, the employer had the x-ray reread by three doctors. Their x-ray interpretation (J.A. at 188) was admitted in evidence. (J.A. at 229 n. 2)