**BETHLEHEM MINES CORPORATION, Petitioner,**

v.

**James M. HENDERSON; Director, Office of Workers Compensation Programs, United States Department of Labor, Respondents.**

No. 89–3348.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1991.

Decided July 1, 1991.

As Amended Aug. 5, 1991.

William S. Mattingly, Jackson & Kelly, Morgantown, W.Va., for petitioner.

Michelle Seyman Gerdano, argued (Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, on brief), Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent Director.

Ray Edmond Ratliff, Jr., Kaufman & Ratliff, Charleston, W.Va., for respondent Henderson.

Before WILKINSON and WILKINS, Circuit Judges, and ELLIS, District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

ELLIS, District Judge:

Bethlehem Mines Corp. ("Bethlehem") petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") award of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* (the "Act"). Bethlehem contends that it was denied a full and fair hearing when the ALJ denied its requests to develop post-hearing evidence and have the claimant examined by a physician of its own choosing. Bethlehem also claims that the Board erred in affirming the ALJ's decision that rebuttal under 20 C.F.R. § 727.203(b) was not established. Finding no error, we affirm the Board's decision.

## I.

James M. Henderson worked as a coal miner for more than twenty years, principally as a motorman hauling coal in underground mines. On February 1, 1980, Henderson filed a claim for benefits under the Act. A review of the chronology of events following the claim filing is central to an assessment of Bethlehem's contention that it was denied a fair hearing.

Approximately one year after the claim was filed, the Department of Labor provided Henderson with a physical examination by Dr. George L. Zaldivar. As a result of the examination, Dr. Zaldivar concluded that Henderson had "no impairment." On this basis, the Department of Labor denied Henderson's claim for benefits. Next, on March 13, 1981, Henderson requested that his claim be referred to the Office of Administrative Law Judges for a formal hearing. Almost four years later, the Department of Labor referred the claim to the Office of Administrative Law Judges for a hearing and also notified Bethlehem, Henderson's immediate past employer, of its potential liability. After the passage of another 18 months, the Office of Adminis-

trative Law Judges, on November 16, 1986, set the claim for hearing on January 13, 1987. As of this time, the record contained only one medical report concerning Henderson, namely Dr. Zaldivar's report from the 1980 examination, concluding that Henderson suffered from "no impairment."

On December 17, 1986, more than twenty days before the scheduled hearing, Henderson submitted and served on Bethlehem's counsel a medical report by Dr. D.L. Rasmussen. This report, *inter alia*, concluded that Henderson had "minimal to moderate impairment in respiratory function as reflected by the resting blood gas studies." Thereafter, on December 19, 1986, still more than twenty days prior to the scheduled hearing, Henderson submitted and served a further report, this one by Dr. Maurice Bassali concluding that x-rays of Henderson indicated the presence of pneumoconiosis. Bethlehem responded to these submissions by moving for a continuance of the hearing and requesting that Henderson be required to submit to an examination by a physician chosen by Bethlehem. Alternatively, Bethlehem sought a post-hearing physical examination of Henderson, coupled with post-hearing depositions of the physicians. The ALJ denied this motion and proceeded with the hearing as scheduled.

At the hearing, the ALJ admitted the reports of Drs. Rasmussen and Bassali over Bethlehem's objection. Bethlehem then renewed its motion for a continuance or, alternatively, for a post-hearing examination of Henderson. The ALJ denied the motion, noting that these reports had been timely submitted in compliance with the twenty-day rule. *See* 20 C.F.R. § 725.456(b)(1) (1990). At this point, Bethlehem counter-attacked by offering two letters from Dr. Zaldivar (both of which had been exchanged in a timely manner) and, for the first time, two additional exhibits: (1) a letter from Dr. Rasmussen stating that resting blood gases—the test on which his conclusion of mild to moderate impairment had been based—were of limited value in assessing overall lung function; (2) a report from Dr. George Kress concluding,

solely on the basis of a review of the medical reports, that Henderson had no significant pulmonary or respiratory impairment. Henderson objected to these new exhibits on the ground that they were submitted in violation of the twenty-day rule. The ALJ overruled the objection and admitted the exhibits, but gave Henderson the right to conduct post-hearing depositions of Drs. Zaldivar, Kress, and Rasmussen. Bethlehem, at this time, requested permission to conduct post-hearing depositions of any doctor Henderson might choose not to depose. The ALJ denied this request. Ultimately, Henderson chose to conduct a post-hearing deposition only of Dr. Rasmussen. Bethlehem participated in this deposition and cross-examined Dr. Rasmussen.

Following the hearing and the post-hearing deposition of Dr. Rasmussen, the ALJ, on September 16, 1987, issued a Decision and Order awarding benefits to Henderson. The ALJ found that the parties agreed to the existence of pneumoconiosis, thereby triggering the regulatory interim presumption of total disability. *See* 20 C.F.R. § 727.203(a). The ALJ next considered whether Bethlehem had rebutted this presumption. In this regard, the ALJ found that Bethlehem failed to meet its burden of showing either that Henderson could still perform his usual coal mine or other comparable work or that his pneumoconiosis arose out of anything other than his coal mine employment. Because Bethlehem had failed to rebut the presumption, the ALJ found that Henderson had established entitlement to benefits. Bethlehem appealed the decision to the Board, arguing that the ALJ erred (i) in denying its motion to have Henderson examined by a physician of its own choosing, (ii) by prohibiting Bethlehem from conducting post-hearing depositions, and (iii) in finding the evidence insufficient to support rebuttal of the interim presumption under 20 C.F.R. § 727.203(b)(2) and (b)(3).

The Board affirmed the award of benefits. It found that the ALJ did not deny Bethlehem a full and fair hearing by rejecting its request that Henderson undergo an examination by a doctor chosen by Bethlehem. The Board concluded that the ALJ's application of 20 C.F.R. § 725.456(b)(1) (the "twenty-day rule") and rejection of Bethlehem's motions was tantamount to a finding that good cause was not shown for the submission of what would have been an untimely examination and medical report. The Board further found that the ALJ's refusal of Bethlehem's request for post-hearing depositions was a proper exercise of discretion because Bethlehem had ample opportunity to address any deficiencies in the reports of its own physicians prior to the hearing.

With respect to the merits of the claim, the Board, following *Sykes v. Director, OWCP,* 812 F.2d 890 (4th Cir.1987), held that Bethlehem failed to establish rebuttal under 20 C.F.R. § 727.203(b)(2) because (i) the opinions of the physicians who examined Henderson or reviewed the medical evidence of record addressed only the extent of Henderson's respiratory impairment and did not show that he was not disabled for any reason, and (ii) because the physicians' opinions did not show that Henderson was capable of doing his usual coal mine work or comparable and gainful work. In addition, because these opinions did not establish that Henderson's primary condition was not aggravated to the point of total disability by prolonged exposure to coal dust, the Board held that they were also insufficient to establish rebuttal pursuant to 20 C.F.R. § 727.203(b)(3). The Board therefore affirmed the ALJ's award of benefits. Bethlehem then filed a timely motion for reconsideration of the Board's decision, which the Board, sitting *en banc,* denied. This appeal followed.

## II.

■ The twenty-day rule governing the introduction of documentary evidence in hearings under the Act provides that materials not submitted to the deputy commissioner of the Department of Labor "may be received in evidence subject to the objection of any party, if such evidence is sent to all other parties at least 20 days before a hearing is held in connection with the

claim." 20 C.F.R. § 725.456(b)(1).[1] Henderson complied with this rule; he submitted the reports of Drs. Rasmussen and Bassali more than twenty-five days prior to the hearing. In admitting the reports, the ALJ correctly applied the rule, and in denying Bethlehem's continuance motion, the ALJ properly exercised her discretion. Bethlehem's medical submissions, unlike Henderson's, were untimely under the rule. Absent the parties' consent or a showing of good cause, the tardy submissions should have been excluded pursuant to the second sentence of § 725.456(b)(2). Yet the ALJ chose not to exclude them. Instead, as reflected in the hearing transcript, the ALJ felt compelled to follow the Board's decision in *Shedlock v. Bethlehem Mines Corp.*, 9 Black Lung Rep. (MB) 1–195 (1986), *aff'd on reconsideration*, 9 Black Lung Rep. (MB) 1–236 (1987) (*en banc*).[2] The ALJ therefore admitted the tardy submissions, but gave Henderson an opportunity to take post-hearing depositions of any of the physicians involved. Both parties were thus fairly heard. Consequently, we agree with the Board's conclusions that the admission of the Henderson submissions was correct under the twenty-day rule, that the denial of the continuance sought by Bethlehem was appropriate, and that the admission of the Bethlehem submissions, coupled with allowing certain post-hearing depositions, did not deprive Bethlehem of a full and fair hearing.

The sequence of events belies Bethlehem's claims that it was denied a fair hearing. Any disadvantage Bethlehem faced at the time of the hearing was at best a self-inflicted wound. To begin with, Bethlehem cannot persuasively claim that it was unfairly denied the opportunity to have Henderson examined. As early as March 1985 Bethlehem was given notice of its potential liability in connection with Henderson's claim. Then, in November 1986, Bethlehem was given notice of the January 1987 hearing. Thus, it was afforded ample opportunity to have Henderson examined by another physician prior to the hearing. Indeed, given the passage of six years since Henderson's first examination, a prudent employer would have taken timely steps to arrange a new examination, rather than gamble that Henderson would not develop any evidence. Moreover, nothing in the regulations confers on any party a right to post-hearing examinations. Significantly, however, the ALJ did more than merely apply the letter of the regulations; she took steps to ensure a fair hearing for Bethlehem by admitting its untimely medical submissions and permitting Bethlehem to cross-examine Dr. Rasmussen by written questions and orally in a post-hearing deposition. Board precedent and analogous Supreme Court decisions support the sensible conclusion that these steps provided Bethlehem with a fair hearing. *See Owens v. Jewell Smokeless Coal Corp. and Director, OWCP*, 14 Black Lung Rep. (MB)

1. 20 C.F.R. § 725.456(b)(2) provides a good cause exception to the twenty-day rule:

   Documentary evidence, which is not exchanged with the parties in accordance with this paragraph, may be admitted at the hearing with the written consent of the parties or on the record at the hearing, or upon a showing of good cause why such evidence was not exchanged in accordance with this paragraph. If documentary evidence is submitted in violation of the twenty-day rule, and the exceptions do not apply, the ALJ must either exclude the late evidence from the record or remand the claim to the deputy commissioner for consideration of the evidence. *See id.*

2. We share the ALJ's concerns over the due process aspect of *Shedlock*. *See* Joint Appendix at 48–50, 53–54. That decision appears to hold that whenever a claimant submits evidence just prior to the twenty-day deadline, such evidence

constitutes a "surprise" to which the employer must be permitted to respond, even though the evidence was timely and the deadline for submissions has passed. *See* Joint Appendix at 105; *Owens v. Jewell Smokeless Coal Corp. and Director, OWCP*, 14 Black Lung Rep. (MB) 1–47, 1–49 (1990) (*Shedlock* "requires that employer be given some opportunity to respond to evidence submitted immediately prior to the 20 day deadline"). At the same time, however, we agree that under certain narrow circumstances not present here, due process considerations may override the twenty-day rule. *See* discussion *infra*. Broadly construed, however, *Shedlock* would eviscerate the twenty-day rule. The Board itself may have recognized this problem by suggesting in its opinion in this case that *Shedlock* did not set forth a specific holding regarding 20 C.F.R. § 725.456(b)(2), but "simply propounded a decision based on the particular facts of that case." Joint Appendix at 10, note 3.

1–47, 1–49 (1990) (*Shedlock* does not require that employer be allowed to have claimant re-examined); *cf. Richardson v. Perales*, 402 U.S. 389, 404–05, 91 S.Ct. 1420, 1428–29, 28 L.Ed.2d 842 (1971) (right of confrontation and cross-examination under § 556(d) of Administrative Procedure Act satisfied in social security context when a party is provided *some* opportunity to cross-examine the reporting physician); *Morgan v. United States*, 304 U.S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129 (1938) (right to a hearing embraces "a reasonable opportunity to know the claims of the opposing party and to meet them").

■ Nor was Bethlehem denied a fair hearing by the ALJ's refusal to permit it to take post-hearing depositions of Drs. Zaldivar, Kress, and Rasmussen. An employer need not be permitted to depose its own physicians (*i.e.*, physicians whose opinions are the subject of the employer's untimely evidence) in order to ensure a fair hearing. The ALJ granted Henderson's request to depose the physicians only as a means of rebutting Bethlehem's untimely evidence. The physician on whose opinion Henderson relied, Dr. Rasmussen, was deposed and Bethlehem took part. In sum, Bethlehem simply failed to undertake timely development of its own affirmative evidence.

Even so, Bethlehem claims it had a right to conduct post-hearing depositions of Drs. Kress and Zaldivar in response to the deposition testimony of Dr. Rasmussen. In support, Bethlehem cites § 556(d) of the Administrative Procedure Act ("APA") and 20 C.F.R. § 725.456(b)(3). Neither is convincing in the context of this case.

The requirements of the APA are made applicable to Department of Labor black lung adjudications by the Longshoremen's and Harbor Workers' Compensation Act. *See* 33 U.S.C. § 919(d), as incorporated by 30 U.S.C. § 932(a). *See also* 20 C.F.R. §§ 725.455(b) and 725.477(b). The APA provides in relevant part that

> A party is entitled to present his case or defense by oral and documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts.

5 U.S.C. § 556(d). From this, Bethlehem argues that the ALJ was required to permit the development of rebuttal evidence to Dr. Rasmussen's post-hearing deposition.

We agree with the general principle that due process as incorporated into the APA may override the twenty-day rule or require the development of post-hearing evidence in circumstances where the employer is denied any opportunity to respond to evidence submitted by the claimant which the decisionmaker considers dispositive. Thus, in *North American Coal Co. v. Miller*, 870 F.2d 948 (1989) the Third Circuit held that an ALJ (i) violated the APA by refusing to admit an untimely medical report that would have been the employer's only direct response to a report of the claimant's physician submitted shortly before the twenty-day deadline, and (ii) deprived the employer of due process by refusing to permit post-hearing cross-examination of the claimant's physician with regard to the examination report submitted just prior to the deadline. *See also Harlan Bell Coal Co. v. Lemar*, 904 F.2d 1042, 1048–49 (6th Cir.1990).[3] Fairness and common sense support this result and the underlying principle. An obvious purpose of

---

3. *Harlan Bell* echoes the reasoning of *North American Coal*. On its facts, however, *Harlan Bell* is inapposite. There, after the claimant's ALJ hearing but before review by the Board, the Sixth Circuit issued an opinion in another case that changed the legal standard of rebuttal under 20 C.F.R. § 727.203(b)(2). The court held that the Board's decision to deny the employer an ALJ hearing under the new legal standard violated the employer's due process right to rebuttal because evidence of non-respiratory impairments, of little relevance under the old standard, became outcome determinative under the

new one. *See id.* at 1049. In the instant case, by contrast, the ALJ found that Bethlehem had failed to negate even respiratory impairment, and thus failed to establish a (b)(2) rebuttal; there was no new evidence or claim of non-respiratory impairments that Bethlehem had not had an opportunity to rebut. *Cf. Faries v. Director, OWCP*, 909 F.2d 170, 174 & n. 4 (6th Cir.1990) (*Harlan Bell* not applicable to case where change in legal standard did not in retrospect deprive party of opportunity to meet substance of new standard in ALJ hearing).

the twenty-day rule is to prevent unfair surprise. Rigidly enforced without exception, however, the twenty-day rule itself would invite abuse by encouraging parties to withhold evidence until just before the deadline.[4] Yet we caution that neither the APA nor considerations of due process should be understood as providing a license for a dilatory party to delay preparation and timely submission of its affirmative case. The APA makes clear that a party is only entitled to such rebuttal "as may be required for a full and true disclosure of the facts." Similarly, in *North American Coal* the Third Circuit explained that due process "requires an opportunity for rebuttal *where it is necessary to the full presentation of a case.*" 870 F.2d at 952 (emphasis added). Put differently, submissions timely under the twenty-day rule should not, in the vast majority of cases, give rise to claims of unfair surprise and requests for further discovery, testimony, and time to respond. In this respect, the Third Circuit noted that under the APA, an ALJ is always free to exclude irrelevant, immaterial or unduly repetitious evidence. *See* 870 F.2d at 952; 5 U.S.C. § 556(d).

On the facts presented here we conclude that Bethlehem was not denied a fair hearing by the ALJ's refusal to permit post-hearing depositions. Rebuttal by means of post-hearing depositions of physicians who already had submitted medical reports was not necessary to the full presentation of Bethlehem's case. Unlike the situation in *North American Coal,* where the employer was given *no* opportunity to respond to the medical evidence relied on by the ALJ to award benefits, see 870 F.2d at 949, Bethlehem had ample opportunity to rebut

Dr. Rasmussen's principal conclusions. To begin with, Bethlehem presented a report by Dr. Zaldivar, dated December 23, 1986, that considered both the blood gas study performed by Dr. Rasmussen and his medical report submitted by Henderson and nevertheless reaffirmed Dr. Zaldivar's earlier opinion. Bethlehem also presented a report by Dr. Kress expressing an opinion contrary to that of Dr. Rasmussen. Bethlehem even secured, and the ALJ admitted, a letter from Dr. Rasmussen himself stating that resting blood gases were of limited value in assessing overall lung function. Finally, Bethlehem was permitted to cross-examine Dr. Rasmussen at his deposition. In sum, Bethlehem was not denied the full presentation of its case. The hearing transcript reveals that the ALJ found, in effect, that the admission of Bethlehem's tardy evidence enabled it fully to present its arguments, so that post-hearing depositions would be unduly repetitious. Additional depositions of Drs. Kress and Zaldivar would not have constituted necessary rebuttal evidence, but rather development of Bethlehem's case in chief that should have occurred before the hearing.

■ 20 C.F.R. § 725.456(b)(3), upon which Bethlehem also relies, provides:

A medical report which is not made available to the parties in accordance with paragraph (b)(1) of this section [i.e., the twenty-day rule] shall not be admitted into evidence in any case unless the hearing record is kept open for at least 30 days after such hearing to permit the parties to take such action as each considers appropriate in response to such evidence.[5]

---

**4.** This case reflects the problems sometimes generated by the current twenty-day rule. Given this, the Department of Labor may wish to consider replacing this rule with one that provides for *seriatim* submissions by the parties. A procedure requiring the claimant to file first, followed by the employer's response and then by the claimant's rebuttal, might better serve the goals of focusing the issues and avoiding unfair surprise.

**5.** The Board has construed this subsection's thirty-day open record requirement to apply only when evidence has been properly admitted, by consent or on a showing of good cause, under

§ 725.456(b)(2). *See Baggett v. Island Creek Coal Co.,* 6 Black Lung Rep. (MB) 1–1311, 1–1314 (1984) ("Once evidence has been properly admitted under Section 725.456(b)(2), the record must be kept open for at least thirty days to permit the parties to respond to the later submitted evidence.") (emphasis omitted). In this case, the Board concluded that the ALJ found good cause for the submission of Bethlehem's late reports based on the rationale that they were in response to Henderson's submission of a medical report just prior to the twenty-day deadline. While we might have decided the question of good cause differently, we are not

From this, Bethlehem argues, curiously, that its own untimely submissions triggered a right to develop post-hearing evidence. This argument is unpersuasive. We construe this subsection to provide a thirty-day post-hearing period only for the party that needs to take action "in response to" the late evidence. More particularly, a party does not need to "respond" to its own evidence. Any other reading of this perhaps inartfully drafted regulation would lead to absurd results. As the Director correctly points out, it is illogical to suggest that the party offering late evidence should automatically receive a post-hearing opportunity to amplify its own submissions. Such a reading of the regulation would eviscerate the twenty-day rule; it would allow parties, paradoxically, to avoid the rule's effect simply by submitting tardy evidence and claiming that it is responsive to an opponent's evidence submitted close to, but still in compliance with, the twenty-day deadline. Accordingly, we conclude that the ALJ properly found that only Henderson was entitled to conduct post-hearing depositions in response to Bethlehem's late evidence.

### III.

20 C.F.R. § 727.203 provides in pertinent part that the interim presumption of total disability due to pneumoconiosis arising out of coal mine employment will be rebutted if the relevant evidence establishes either (i) "that the individual is able to do his usual coal mine work or comparable and gainful work," § 727.203(b)(2), or (ii) "that the total disability or death of the miner did not arise in whole or in part out of coal mine employment," § 727.203(b)(3). Bethlehem advances arguments under each provision. Neither is persuasive.

Bethlehem first contends that the evidence is sufficient to support rebuttal under subsection (b)(2). In *Sykes v. Director, OWCP,* 812 F.2d 890 (4th Cir.1987), this Court held that for a party to establish rebuttal under this subsection it must show that the claimant is not disabled for any reason and capable of doing his usual coal

mine work or comparable and gainful work. We explained that a lack of respiratory impairment alone does not compel the conclusion that the claimant is able to do his usual coal mine work or other comparable work. *See id.* at 893–94. In this case, the only attempt made by Bethlehem to establish Henderson's employability is inferentially through the opinions of the three physicians that Henderson was either not disabled or only minimally impaired. There is no direct evidence to suggest that Henderson is capable of performing work comparable to his former job. The Board thus properly concluded that because the opinions of Drs. Zaldivar, Kress, and Rasmussen addressed only respiratory impairment, they are insufficient to establish rebuttal under subsection (b)(2).

Bethlehem asks this Court to overturn or revise *Sykes.* We decline this invitation. To begin with, only the Court *en banc* normally reconsiders the ruling of any particular panel. *See North Carolina Utilities Comm'n v. F.C.C.,* 552 F.2d 1036, 1044 n. 8 (4th Cir.), *cert. denied sub nom. American Tel. & Tel. Co. v. F.C.C.,* 434 U.S. 874, 98 S.Ct. 222, 54 L.Ed.2d 154 (1977); *see also United States v. Taylor,* 828 F.2d 630, 633 (10th Cir.1987); *Thomas v. Shipka,* 818 F.2d 496, 498 (6th Cir.1987). In addition, the *Sykes* standard is consistent with the views of several other circuits. *See Robbins v. Jim Walter Resources, Inc.,* 898 F.2d 1478 (11th Cir.1990); *York v. Benefits Review Board,* 819 F.2d 134 (6th Cir.1987); *Wetherill v. Director, OWCP,* 812 F.2d 376 (7th Cir.1987); *Kertesz v. Crescent Hills Coal Co.,* 788 F.2d 158 (3d Cir.1986).

Bethlehem also contends that the Board must be reversed because the ALJ applied an incorrect standard to rebuttal under § 727.203(b)(3). In light of several recent decisions, however, Bethlehem's (b)(3) argument is irrelevant. To begin with, in *Pittston Coal Group v. Sebben,* 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988), the Supreme Court held, with respect to claims filed pending the effectiveness of Department of Labor permanent

prepared to say that the Board's decision was erroneous as a matter of law.

regulations on April 1, 1980, that the affirmative factors for invoking the presumption of entitlement to benefits of the Department of Labor interim regulations, see 20 C.F.R. § 727.203(a), violate 30 U.S.C. § 902(f)(2) because they are more restrictive than the interim regulations promulgated by the Department of Health, Education and Welfare and found at 20 C.F.R. § 410.490. In *Taylor v. Clinchfield Coal Co.*, 895 F.2d 178 (4th Cir.1990), we resolved the rebuttal question reserved in *Sebben*. More specifically, we held that the rebuttal provisions of § 727.203(b)(3) and (b)(4) are more restrictive than those found in § 410.490 and, as a result, their application violated 30 U.S.C. § 902(f). Claims filed after July 31, 1973 but before April 1, 1980 must therefore receive the benefit of the less restrictive rebuttal provisions of § 410.490(c). It follows that the claim in this case, which was also brought prior to April 1, 1980, should have been adjudicated under 20 C.F.R. § 410.490.[6] Accordingly, subsection (b)(3) rebuttal is unavailable to Bethlehem in this case. *See also Dayton v. Consolidation Coal Co.*, 895 F.2d 173 (4th Cir.1990); *Taylor v. Peabody Coal Co.*, 892 F.2d 503 (7th Cir.1989).[7]

Even if subsection (b)(3) were available, however, we agree with the Board's conclusion that Bethlehem failed to establish the requisite rebuttal. Subsection (b)(3) requires the party opposing entitlement to demonstrate that the miner's total disability or death did not arise in whole or in part out of coal mine employment. In *Bethlehem Mines Corp. v. Massey*, 736 F.2d 120, 123 (4th Cir.1984), we held that the employer must affirmatively rule out a causal relationship between the miner's disability and coal mine employment in order to prevail under subsection (b)(3). In this case, Henderson established the presumption of total disability due to pneumoconiosis under § 727.203(a). The ALJ concluded that Bethlehem failed to rule out coal mine employment as a cause when she found "no evidence whatsoever" that Henderson's pneumoconiosis arose out of anything but his employment.[8] The Board implicitly reached the same conclusion when it found that Bethlehem's medical opinions "do not establish that the miner's primary condition was not aggravated to the point of total disability by prolonged exposure to coal dust." These findings are supported by substantial evidence. Bethlehem's medical evidence indicated only that Henderson, although afflicted with pneumoconiosis, had no substantial respiratory impairment. Significantly, however, nothing in Bethlehem's reports or the testimony suggests a cause for Henderson's pneumoconiosis or disability other than his employment.

Finally, Bethlehem suggests that if Henderson's claim is governed by 20 C.F.R. § 410.490, due process requires some form of causation rebuttal. We addressed this concern in *Taylor*, where we noted that the Supreme Court in *Sebben* pointed out that

---

**6.** Sixth Circuit precedent would require that claims filed before March 31, 1980, but adjudicated by an ALJ after that date, be considered, at least as to the affirmative factors for establishing entitlement to benefits, under the permanent Department of Labor regulations of 20 C.F.R. Part 718 as well as the interim regulations of Part 727. *See Couch v. Director, OWCP*, 893 F.2d 130 (6th Cir.1990); *Knuckles v. Director, OWCP*, 869 F.2d 996 (6th Cir.1989); *see also Caprini v. Director, OWCP*, 824 F.2d 283 (3d Cir.1987); *Strike v. Director, OWCP*, 817 F.2d 395 (7th Cir.1987).

**7.** We recognize that this result conflicts with the views of some other circuits. *See Bethenergy Mines, Inc. v. Director, OWCP*, 890 F.2d 1295 (3d Cir.1989); *Youghiogheny & Ohio Coal Co. v. Milliken*, 866 F.2d 195 (6th Cir.1989). We also note that the Supreme Court has recently granted certiorari in this court's *Taylor* decision. —

U.S. ——, 111 S.Ct. 340, 112 L.Ed.2d 304 (1990). Until the Supreme Court resolves this conflict, however, *Taylor* remains the law of this circuit.

**8.** We thus find, contrary to Bethlehem's suggestion, that the ALJ made an appropriate inquiry into causation and not into subsection (b)(4) rebuttal. Subsection (b)(4) concerns only whether the miner in fact has pneumoconiosis. *See Sykes*, 812 F.2d at 894 ("Causation is addressed in § 727.203(b)(3)."). The ALJ's opinion shows she understood the difference. The opinion states that "[b]ecause the Employer has conceded and the record shows the unquestioned presence of pneumoconiosis there has been no rebuttal under Subsection (b)(4)." The ALJ's second reference to subsection (b)(3), see Joint Appendix at 16, is an obvious typographical error that was meant to refer to subsection (b)(2).

causation is a necessary element for a successful claim for benefits and that the presumption of causation arising because of ten years' coal mine employment and found at 20 C.F.R. § 410.416 was subject to rebuttal. *See* 895 F.2d at 183; § 410.416(a) (stating that if a claimant worked for ten or more years in a coal mine and has pneumoconiosis, "it will be presumed, *in the absence of persuasive evidence to the contrary*, that the pneumoconiosis arose out of such employment") (emphasis added). We then explained that if § 410.416 is applicable, as it is here, the rebuttal provisions of § 410.490 and § 727.203(b) have three common elements instead of only two, as the face of these provisions would suggest. *See* 895 F.2d at 183; § 410.490(b)(2) (referring explicitly to § 410.416). Consequently, were Henderson's claim to be adjudicated under § 410.490, Bethlehem would be able to offer causation rebuttal. Accordingly, Bethlehem's due process argument is unpersuasive.

### IV.

■ The sole remaining question is the proper scope of the remand. In *Sebben*, the Supreme Court affirmed the decision of this court in *Broyles v. Director, OWCP*, 824 F.2d 327 (4th Cir.1987), to remand two claims brought in 1974 and 1976 to the Board for adjudication under the less restrictive affirmative factors of the HEW regulation in force on June 30, 1973. *See Sebben*, 109 S.Ct. at 423–24; *see also Taylor*, 895 F.2d at 183, and *Dayton*, 895 F.2d at 174 (remanding for consideration under rebuttal provisions of § 410.490). Unlike *Broyles*, *Taylor*, and *Dayton*, cases in which benefits were denied by the ALJ or the Board, remand is not necessary in this case. First, both the ALJ and the Board determined that Henderson established the presumption of total disability in 20 C.F.R. § 727.203(a) by showing more than ten years of coal mine employment and evidence of pneumoconiosis. In fact, Bethlehem does not dispute the invocation of the presumption. A fortiori, because Henderson satisfied the more restrictive presumption of § 727, he also satisfied the less restrictive presumption of § 410.490.[9] Second, the rebuttal provision of § 727.203(b)(2), which the ALJ and the Board found Bethlehem had failed to establish, is virtually indistinguishable from the rebuttal provision at § 410.490(c)(2). Finally, the only other rebuttal provision that might be available, § 410.490(c)(1) (evidence that the claimant is in fact doing his usual coal mine work or other comparable work), is inapplicable here because at the time he filed his claim and afterward Henderson had ceased working, the same reason that Bethlehem concedes that § 727.203(b)(1), which is virtually identical, is inapplicable. Therefore, Bethlehem has no other available means to rebut Henderson's presumption of disability.[10] Consequently, we find no reason to remand this case for any further consideration of the evidence. Accordingly, the decision of the Board is affirmed, and we remand Henderson's claim with instructions to award benefits pursuant to 20 C.F.R. § 410.490.

**AFFIRMED AND REMANDED.**

---

9. *See Sebben*, 109 S.Ct. at 420 (ten year requirement in § 727 is what makes Labor regulation more restrictive than HEW regulation); *Taylor*, 895 F.2d at 182 ("[W]e think it is a matter of indifference under which set of regulations the presumption arises because for a miner who has 10 years' coal mine employment, regardless of the reason for establishing the presumption, it is precisely the same. Indeed, an examination of the two regulations involved reveals that, except for two or three words, each presumption is the same as the other, *in haec verba.*").

10. In particular, for the reasons stated above with respect to § 727.203(b)(3) rebuttal, Bethlehem's evidence would not negate the presumption of causation in § 410.416 that is a component of the larger presumption of total disability. *See Sebben*, 109 S.Ct. at 418.