981 F.2d 1253
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James H. WILLIAMS, Petitioner,
v.
BISHOP COAL COMPANY; Director, Office of Workers'
Compensation Programs, Untied States Department of
Labor, Respondents.
 No. 88-2672.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 30, 1992
Decided: December 16, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (83-1881-BLA)
 ARGUED: Roger Daniel Forman, Forman & Crane, Charleston, West Virginia, for Appellant.
 Douglas Allan Smoot, Jackson & Kelly, Charleston, West Virginia, for Appellee.
 ON BRIEF: Ronald Gene Ray, Michael J. Denney, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Appellees.
 Ben. Rev. Bd.
 Reversed and Remanded.
 Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James H. Williams petitions for review of an order of the Benefits Review Board affirming the administrative law judge's denial of his claim under the Black Lung Benefits Act, 30 U.S.C.s 901 et seq. We reverse and remand with instructions.
 
 I.
 
 2
 This black lung claim is fifteen years old. Claimant Williams was born May 4, 1912. He went to work in the mines as a teenager. After 48 years of service, he retired in 1977. He filed this claim immediately thereafter.[1]
 
 
 3
 After a November, 1979, controversion to the claim from the responsible operator, three more years were consumed in bringing the case to hearing before an administrative law judge (ALJ). At that hearing, Williams invoked the interim presumption of disability and causation through x-ray evidence of pneumoconiosis and his halfcentury in the mines. See 20 C.F.R. § 727.203(a). He established his employment history and usual duties through his own testimony. No other live witnesses testified, though the parties submitted their respective heaps of medical reports. The employer argued that its medical evidence rebutted the interim presumption under 20 C.F.R. § 727.203(b)(2).
 
 
 4
 In a brief decision dated July 26, 1983, the ALJ found that the medical reports submitted by the employer rebutted the claimant's showing of respiratory disability under § 727.203(b)(2). Accordingly, benefits were denied. The Benefits Review Board (BRB) affirmed on December 30, 1985. Williams then petitioned for review in this court.[2]
 
 II.
 
 5
 The ALJ found rebuttal established under 20 C.F.R. § 727.203(b)(2)-"In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work...." The rationale for the ALJ's finding, however, was that Williams did not suffer disability because of respiratory impairment. In Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir. 1987), this court held that (b)(2) means just what it says-rebuttal is established only if the miner can do his usual (or a comparable) job; the cause of disability is irrelevant to (b)(2). If the claimant is disabled "for whatever reason," the employer must look elsewhere for cause-related rebuttal. 812 F.2d at 893-894.
 
 
 6
 Elsewhere is not very far. The very next subsection, § 727.203(b)(3), permits rebuttal if the "evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." This standard is satisfied only by evidence that "rule[s] out the causal relationship between the miner's total disability and his coal mine employment." Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 133 (4th Cir. 1984).
 
 
 7
 In any event, the only rebuttal finding before us is under § 727.203(b)(2). The employer does not contend that the now 80year-old Mr. Williams is able to return to his usual coal mine employment[3] or a comparable job. Hence, the finding of § 727.203(b)(2) rebuttal lacks substantial evidence.
 
 III.
 
 8
 The employer argues that Sykes is wrongly decided. As a panel of this court, we cannot overrule Sykes, even were we so inclined. See Bethlehem Mines Corp. v. Henderson, 939 F.2d 143, 150 (4th Cir. 1991) (reaffirming Sykes ).
 
 IV.
 
 9
 The employer seeks a remand for consideration ofs 727.203(b)(3) rebuttal and to reopen the record for additional evidence concerning that subsection. It argues that Sykes so changed the law that it would be deprived of due process if it could not present additional evidence relevant to the (b)(3) inquiry.
 
 
 10
 We see little merit in the employer's claim that due process entitles it to reopen the evidentiary record. The "change" in the law (if it was a change at all-s 727.203(b)(2) is, at least in the context of the labyrinthine black lung regulations, strikingly plain) concerned (b)(2) only, and the employer concedes that it cannot now prove (b)(2) rebuttal under Sykes. The law concerning (b)(3) rebuttal has not[4] changed. The employer had the same opportunity and motive to make a(b)(3) case when the claim was heard initially.
 
 
 11
 Instead, the employer urged only (b)(2) rebuttal before the ALJ; indeed, it did not mention (b)(3) at any time during the hearing. Likewise, in its brief in opposition to Williams' petition for review to the BRB, the employer relied solely on (b)(2). We think it would be unfair to reopen the record for new evidence on (b)(3) rebuttal, inasmuch as such evidence could have been developed and presented at the original hearing.[5] A somewhat harder question is whether the claim should be remanded for consideration of (b)(3) rebuttal on the existing record. One factor that should certainly be given weight is the length of time the claim has been pending. This court has, on several occasions, refused to remand longstanding claims for yet another round of administrative evaluation. Eagle v. Armco, Inc., 943 F.2d 509 (4th Cir. 1991) (directing award of benefits where claim pending ten years-"the processing of this claim has gone on long enough"); Hubbard v. Califano, 582 F.2d 319, 323 (4th Cir. 1978) (eight years); Petry v. Califano, 577 F.2d 860, 867 (4th Cir. 1978) ("long period"). A related consideration is the miner's age. Both of these factors strongly support Williams.
 
 
 12
 In addition, we rely again on the employer's failure to throw down the (b)(3) gauntlet at the original hearing, notwithstanding the opportunity and motive to do so. The employer asserted a single, legally deficient defense. Years later, it wants to show that it has had a sufficient defense in reserve all along. We will not permit it. The black lung claims process is interminable enough as it is; sandbagging of defenses would drag it out further. The miner must certainly put on his whole case the first time. Litigants in an ordinary civil lawsuit risk waiver unless they assert every claim and every defense at the earliest opportunity. It asks little of black lung defendants to do the same.
 
 V.
 
 13
 In summary, the only ground for rebuttal urged to or found by the ALJ lacks substantial evidence. Fifteen years into the claim is too late to start over; benefits ought to be awarded. The only housekeeping chore remaining for determination on remand is fixing the date of onset of disability. See 20 C.F.R. § 725.503(b).
 
 
 14
 The decision of the BRB is reversed, and this claim is remanded with instructions to fix the date of onset of disability and award benefits therefrom.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 Williams had filed a previous claim on September 11, 1973, which was informally denied on May 20, 1975, and again on May 10, 1976, following the submission of additional evidence by the claimant
 
 
 [2]
 After the BRB's ruling, we decided Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir. 1987), and Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir. 1990), rev'd sub nom Pauley v. BethEnergy Mines, Inc., 111 S.Ct. 2524 (1991). If Taylor had withstood the Supreme Court's review, its effect, coupled with Sykes, may have mandated an award of benefits in this case. Accordingly, we placed Williams' appeal in abeyance while the Supreme Court considered Taylor
 
 
 [3]
 Williams' regular job from 1951 until 1977 was dispatcher, though he testified without contradiction that he was required to dump coal routinely and to be fire boss at the tipple on Sundays. These latter tasks entailed shoveling coal and climbing stairs, and exposed Williams to abundant coal dust
 
 
 [4]
 The employer does assert that Massey changed the law as to (b)(3) as well. Our opinion in Massey disproves this contention, inasmuch as we relied on earlier circuit precedent-as well as the plain language of the statute-in holding that pneumoconiosis need only be a contributing cause of the miner's total disability. See 736 F.2d at 123
 
 
 [5]
 We are aware of the Sixth Circuit cases touching on this issue. In Tackett v. Benefits Review Board, 806 F.2d 640, 642 (6th Cir. 1986), the miner suffered from lung cancer. Circuit law in effect at the time permitted invocation of the interim presumption by a showing of the lung cancer, without more. While the case was on appeal, the circuit rule changed to require the miner to show that lung cancer is a "chronic" disease of the lung. The Sixth Circuit remanded the case for a new hearing, because "there was no reason for [the miner's widow] to provide testimony on this issue before [the change in the law]." Similarly, in Faries v. Director, OWCP, 909 F.2d 170, 173 (6th Cir. 1990), the court found that the claimant "was afforded the opportunity and had every reason to present evidence directed at the[post-Mullins interim presumption standard]"; accordingly, no remand was required. We think that Tackett and Faries support the result we reach here, because the employer in this case had the opportunity and every reason to present (b)(3) evidence, but did not
 The employer relies on a case decided between Tackett and Faries. In Harlan Bell Coal Co. v. Lemar, 904 F.2d 1042 (6th Cir. 1990), an ALJ found rebuttal under (b)(2), applying the same BRB law rejected in Sykes. In doing so, the ALJ ignored a Sixth Circuit case decided after the hearing but before his decision, which had reached the same result as Sykes [York v. Benefits Review Board, 819 F.2d 134 (6th Cir. 1987) ]. The Sixth Circuit remanded for a new hearing addressed to the post-York standard. It is not clear from the court's opinion whether the employer asserted (b)(3) rebuttal before the ALJ; however, the BRB did address the employer's (b)(3) argument on its merits. The employer's assertion and preservation of an alternative rebuttal ground within the administrative process distinguishes Harlan Bell from the case before us.