991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES STEEL CORPORATION, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Leo L. Barnett, Respondents.
 No. 92-2091.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 1, 1993
Decided: April 26, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (88-856-BLA)
 Ronald Eugene Gilbertson, KILCULLEN, WILSON & KILCULLEN, CHARTERED, Washington, D.C., for Petitioner.
 
 
 1
 Sarah Marie Hurley, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director; William Burton
 
 
 2
 Talty, THORSEN, PAGE & MARCHANT, Richmond, Virginia, for Respondent Barnett.
 
 
 3
 Marshall J. Breger, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.
 
 
 4
 Ben.Rev.Bd.
 
 
 5
 AFFIRMED.
 
 
 6
 Before WILKINSON, Circuit Judge, POTTER, United States District Judge for the Western District of North Carolina, sitting by designation, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 
 PER CURIAM:
 OPINION
 
 7
 U.S. Steel appeals the award of black lung benefits to one of its former employees. We affirm.
 
 I.
 
 8
 In July of 1980, Mr. Leo L. Barnett, then an employee of U.S. Steel, filed for federal black lung benefits. The U.S. Department of Labor twice denied his claim in 1981, finding that Mr. Barnett had simple pneumoconiosis but no resulting disability. The claim was subsequently referred to an Administrative Law Judge.
 
 
 9
 The ALJ scheduled a hearing for August 24, 1987. On July 13, Mr. Barnett submitted some new readings of chest x-rays that he had taken in April 1987, May 1986, and September 1983. These new readings suggested for the first time that Mr. Barnett had complicated pneumoconiosis. Three of the readings were by a Dr. Maurice Bassali, who was both a Board-certified radiologist and a certified Breader.
 
 
 10
 In response, U.S. Steel requested a new medical examination of Mr. Barnett. The ALJ denied this request, but allowed U.S. Steel to rebut the new readings with opposing readings by other B-readers. Some of these readings were by a Dr. James Castle, who was both a Board-certified pulmonary specialist and a B-reader, and who had examined Mr. Barnett personally in August 1985.
 
 
 11
 On February 8, 1988, the ALJ found that Mr. Barnett did have complicated pneumoconiosis, on the strength of Dr. Bassali's x-ray reading. The ALJ discounted the conflicting readings submitted by U.S. Steel, because none of them were by a Board-certified radiologist. The ALJ awarded Mr. Barnett benefits plus interest commencing from July 1980, when Barnett first filed his claim.
 
 
 12
 U.S. Steel appealed to the Benefits Review Board, arguing that the ALJ had erred by disallowing a new medical examination of Mr. Barnett, and by giving such weight to Dr. Bassali's x-ray reading. The Board rejected these arguments, but did find that the ALJ had erroneously awarded benefits to Mr. Barnett for the period from July 1980 to April 1982, when he was still working for U.S. Steel. The Board also found that the ALJ should not have awarded interest for any period prior to March 1988.
 
 
 13
 The Board then remanded to the ALJ to adjust the onset date for the award of benefits and the commencement date for the award of interest to Mr. Barnett. U.S. Steel petitioned for review.
 
 II.
 
 14
 At oral argument, the parties stipulated that the appropriate onset date for the award of benefits was April 1982, and that the appropriate commencement date for the award of interest was March 1988. For all practical purposes, then, the order of the Benefits Review Board is final, and we have jurisdiction over this appeal.
 
 
 15
 U.S. Steel first argues that the ALJ should have allowed a new medical examination of Mr. Barnett, since the new x-ray readings caught U.S. Steel by surprise. In Bethlehem Mines Corp. v. Henderson, 939 F.2d 143 (1991), this court rejected a nearly identical argument. There too, about a month before the hearing, the claimant submitted new x-ray readings suggesting for the first time that the claimant had pneumoconiosis. Bethlehem Mines requested a new medical examination. The ALJ did not allow a new exam, but did allow Bethlehem Mines to submit post-hearing depositions by other doctors suggesting that the claimant did not have pneumoconiosis. This court ruled that Bethlehem Mines had not been denied a fair hearing. "Indeed, given the passage of six years since Henderson's first examination, a prudent employer would have taken timely steps to arrange a new examination, rather than gamble that Henderson would not develop any evidence." Id. at 147. We adhere to this precedent here.
 
 
 16
 U.S. Steel next argues that it was irrational for the ALJ to give more weight to the reading of Dr. Bassali than to the readings of Dr. Castle and the other B-readers submitted by U.S. Steel. We disagree. Dr. Bassali is a Board-certified radiologist; Dr. Castle a Boardcertified pulmonary specialist. The black lung regulations require the fact-finder, "where two or more X-ray reports are in conflict," to consider the "radiological qualifications of the physicians interpreting such X-rays." 20 C.F.R. § 718.202(a)(1) (emphasis added). The Benefits Review Board, moreover, has stated that the qualifications of a Board-certified radiologist are "at least comparable if not superior" to those of a B-reader. Roberts v. Bethlehem Mines Corp., 8 Black Lung Rptr. (MB) 1-211, 1-213 n.5 (1985) (per curiam) ( quoting Hatfield v. Secretary of HHS, 743 F.2d 1150, 1153 n.1 (6th Cir. 1984)). The ALJ, then, did not err in placing weight upon Dr. Bassali's qualifications.
 
 III.
 
 17
 The order of the Benefits Review Board is therefore
 
 
 18
 AFFIRMED.