**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EASTERN ASSOCIATED COAL
CORPORATION,
<u>Petitioner,</u>

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
RALPH M. HANNAH,
<u>Respondents.</u>

No. 98-2812

On Petition for Review of an Order
of the Benefits Review Board.
(91-1978-BLA)

Submitted: June 15, 1999

Decided: September 27, 1999

Before LUTTIG and KING, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Solomons, Laura Metcoff Klaus, ARTER & HADDEN,
L.L.P., Washington, D.C., for Petitioner. Henry L. Solano, Solicitor
of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber,
Richard A. Seid, Office of the Solicitor, UNITED STATES

DEPARTMENT OF LABOR, Washington, D.C.; S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Respondents.

_____

**OPINION**

PER CURIAM:

Eastern Associated Coal Corporation ("employer") petitions for review of a decision of the Benefits Review Board ("Board") reversing the administrative law judge's ("ALJ") decision to deny the application of Ralph Hannah, a former coal miner, for black lung benefits. This case appears before us for the second time. Previously, we found that the evidence of record was insufficient to support the ALJ's finding of rebuttal under 20 C.F.R. § 727.203(b)(3) (1998), and remanded to the Board for consideration of the propriety of the ALJ's alternative finding of rebuttal pursuant to 20 C.F.R. § 727.203(b)(2) (1998). We instructed the Board that if it found the evidence insufficient to support subsection (b)(2) rebuttal, it should award benefits. See Hannah v. Eastern Associated Coal Co., No. 94-2017 (4th Cir. Apr. 11, 1997) (unpublished).

On remand, the Board held that because none of the medical opinions offered in support of subsection (b)(2) rebuttal addressed total disability without regard to cause, they were insufficient to establish rebuttal under our decision in Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890 (4th Cir. 1987). Employer avers on appeal that in so finding, the Board exceeded the scope of its review by effectively making a de novo finding concerning rebuttal rather than accepting the ALJ's determination that because the reports, which addressed only pulmonary disability, did not mention any other kind of disability, the absence of any other disability could be inferred. We rejected a similar argument in Bethlehem Mines Corp. v. Henderson, 939 F.2d 143 (4th Cir. 1991). In that case, we upheld the Board's finding that three medical opinions that addressed only respiratory impairment, but did not directly address the miner's ability to perform his usual work or comparable work, were insufficient to establish subsection (b)(2) rebuttal through the negative inference that

2

if the physicians failed to mention a non-respiratory impairment, there must not be any. See id. at 150. We therefore affirm the Board's finding that the evidence of record in this case fails to support subsection (b)(2) rebuttal.

Employer contends that if the evidence does not support rebuttal under subsections (b)(2) or (3), due process considerations dictate either that the record be reopened so that it may submit new evidence, or that liability be transferred to the Black Lung Disability Trust Fund. Employer believes that our decisions in Sykes and Grigg v. Director, Office of Workers' Compensation Programs , 28 F.3d 416 (4th Cir. 1994), altered the legal standards applicable to subsection (b)(2) and (b)(3) rebuttal, respectively, and that it should be permitted an opportunity to tailor its evidence to the holdings in those cases. Even if we agreed with the dubious assertion that Sykes "changed" the law applicable to subsection (b)(2) rebuttal, it would be of no avail to employer in this case, because that decision issued seven months prior to the first hearing before the ALJ. Consequently, employer cannot reasonably argue that it had no opportunity to develop evidence in light of Sykes.

As for Grigg, that case clearly did not change the law. Rather, that decision merely upheld existing Board precedent holding that a finding of no respiratory or pulmonary impairment of any kind may support a finding of subsection (b)(3) rebuttal. See Grigg, 28 F.3d at 419 (upholding but outlining parameters of Board's decision in Marcum v. Director, Office of Workers' Compensation Programs, 11 BLR 1-23 (1987)). Accordingly, we reject employer's due process arguments.

The decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3