**Billie PRINCE, Petitioner,**

v.

**ISLAND CREEK COAL COMPANY; Employer Service Corp.; Director, Office of Workers' Compensation Programs, United States, Respondents.**

**No. 02–3191.**

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2003.

Dick Adams, Thomas E. Springer, III, Adams Law Firm, Madisonville, KY, for Petitioner.

William S. Mattingly, Jackson & Kelly, Morgantown, WV, Patricia Nece, Barry H. Joyner, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondents.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

PER CURIAM.

Petitioner, Billie Prince, appeals from the final decision of the Department of Labor's Benefits Review Board (BRB) affirming the denial of his request for black lung disability benefits by the Administrative Law Judge (ALJ). Challenging the exclusion of treatment records from Dr. Taylor, petitioner argues that the ALJ abused his discretion (1) by excluding the evidence as untimely under 20 C.F.R. § 725.456, and (2) by denying a continuance so that the records could be properly placed into evidence. Petitioner also claims that the ALJ abused his discretion in denying his motion to strike the employer's defenses for failing to provide certain discovery in response to interrogatory requests. Finally, petitioner argues that the BRB erred by not giving greater weight to the medical evidence from Dr. Milum, petitioner's treating physician. After review of the record and the applicable law, we affirm.

## I.

Billie Prince, born on June 26, 1928, retired in 1986 after 29 years of coal min-

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing employment. At issue is Prince's most recent claim for black lung benefits, filed on August 24, 1998, which was treated as a request for modification of the denial of his third claim for benefits less than a year earlier on September 23, 1997.[1] The request for modification was granted and benefits were awarded by the Office of Workers' Compensation Programs (OWCP) on January 14, 2000. Island Creek Coal Company, designated as the Responsible Operator, requested a hearing before an ALJ and a formal hearing was held on August 29, 2000. The decision and order of the ALJ, dated January 24, 2001, denied Prince's request for benefits.

As the BRB summarized, the ALJ specifically found 29 years of coal mining employment; the existence of pneumoconiosis arising out of coal mining employment, as conceded by the employer and established in two prior claims for benefits; and that the new evidence established that petitioner was totally disabled, as defined by 20 C.F.R. § 718.204(c) (2000). The ALJ's denial, however, was based on the finding that petitioner had not established his total disability was due to pneumoconiosis, or, therefore, "a material change in condition" as required under the duplicate claim standard articulated in *Sharondale Corp. v. Ross*, 42 F.3d 993 (6th Cir.1994). The BRB applied this standard because the instant claim, although a request for modification, was seeking modification of a denial of a duplicate claim.

In addition to his coal mine employment, Prince, who had a history of three angioplasties and three myocardial infarctions, was a pack-a-day cigarette smoker for 26 years (ending around 1970). The ALJ's decision discussed the medical evidence and opinions from the examining physicians, Drs. Selby, Simpao, Younes, and Milum, as well as the consulting physicians, Drs. Branscomb, Morgan, Castle, Loudon, and Houser. Ultimately, the ALJ gave the greatest weight to the opinion of Dr. Selby that although Prince may have simple coal workers' pneumoconiosis, the pattern of test results is more likely related to cardiac abnormalities, smoking, and x-ray technique. As the ALJ summarized, Dr. Selby found Prince "has cardiac abnormalities not caused by coal mine employment; moderately severe emphysema due to cigarette smoking; bronchial asthma not due to coal mine employment; and, if he had not smoked cigarettes, he would have the respiratory and pulmonary capacity to perform any and all of his previous coal mine employment duties."

Petitioner appealed to the BRB, raising the same claims of error as are before this court. The BRB rejected those claims and affirmed. This appeal followed.

## II.

In reviewing a decision of the BRB, we must affirm if the BRB has not committed any legal error or exceeded its scope of review of the ALJ's findings. *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir.2001). The ALJ's decision is reviewed only to determine whether it is supported by substantial evidence and is in accordance with the applicable law. *Id.* An ALJ's discretionary rulings, such as the exclusion of evidence, are reviewed for abuse of discretion or denial of due process. *See Peabody Coal Co. v. Ford*, No. 94–4193, 1996 WL 11049 (6th Cir. Jan. 10,

---

1. Prince's first claim, filed on February 14, 1983, was denied by an ALJ in a decision and order dated December 18, 1987. A second claim, filed on August 19, 1993, was denied by another ALJ in a decision and order dated

May 23, 1996. The third claim was filed on June 2, 1997, and denied initially on September 23, 1997, and again on December 15, 1997.

1996) (unpublished decision) (citing *Bethlehem Mines Corp. v. Henderson*, 939 F.2d 143, 146–47 (4th Cir.1991) and *N. Am. Coal Co. v. Miller*, 870 F.2d 948 (3d Cir. 1989)).

## A. Dr. Taylor's Treatment Records

■ At the hearing before the ALJ, the employer objected to the admission of six pages of treatment records from Dr. Frank Taylor because they had been provided less than 20 days prior to the hearing, in violation of 20 C.F.R. § 725.456, and because Dr. Taylor had not been identified in petitioner's answers to interrogatories. Conceding violation of the 20–day rule, petitioner claims it was nonetheless arbitrary and capricious for the ALJ both to exclude the evidence, and to refuse a continuance that would essentially circumvent the 20–day rule.

Under 20 C.F.R. § 725.456(b)(2), documentary evidence, including medical records, "may be received in evidence subject to the objection of any party, if such evidence is sent to all other parties at least 20 days before a hearing is held in connection with the claim." "If documentary evidence is not exchanged in accordance with paragraph (b)(2) of this section and the parties do not waive the 20–day requirement or good cause is not shown, the administrative law judge shall either exclude the late evidence from the record or remand the claim to the district director for consideration of such evidence." 20 C.F.R. § 725.456(b)(3). A medical report that is not exchanged timely "shall not be admitted into evidence in any case unless the hearing record is kept open for at least 30 days after the hearing to permit the parties to take such action as each considers appropriate in response to such evidence." 20 C.F.R. § 725.456(b)(4).

The ALJ excluded the evidence at the hearing and denied petitioner's post-hearing motion to admit the evidence. Petitioner argues on appeal that Dr. Taylor's records should not have been excluded because the record was held open for 45 days after the hearing to allow petitioner the opportunity to depose a different physician, Dr. Houser, concerning his interpretation of the x-rays already in the record. This is a meritless argument. While the ALJ could decide to admit some or all of the tardy evidence, on a showing of good cause and if the hearing record is held open at least 30 days, the regulation does not require admission of *all* tardy evidence if *any* tardy evidence is allowed, or whenever the record is held open at least 30 days.

Next, attempting to show good cause, Prince explains that the records were requested from Dr. Taylor as soon as the notice of hearing was received on June 15, 2000, but the request was not processed timely and the records were not received until less than 20 days prior to the hearing. Also, Prince explains that Dr. Taylor was not identified in answers to the interrogatories because he only began receiving treatment from Dr. Taylor after the interrogatories had been answered.

The BRB rejected this claim, noting that the ALJ was not required to make an explicit finding that good cause did not exist. The BRB concluded that given the admitted untimeliness of the evidence, the employer's objection to its admission, and the ALJ's implicit finding that good cause was not shown, the ALJ had permissibly excluded the evidence under the 20–day rule. The BRB further found that any error would have been harmless, "because Dr. Taylor does not address the cause of claimant's respiratory or pulmonary disability, which was the basis of the denial in this case." After our review of the record, we cannot find that petitioner demonstrated good cause or that the ALJ abused his

discretion by either excluding the evidence or denying a continuance.

## B. Motion to Strike Defenses

■ Petitioner's discovery requests included interrogatories asking that Island Creek list every person referred for medical evaluation to Drs. Selby, Spitz, Wiot, Morgan, Branscomb, and Castle within the preceding five years, as well as information about the nature of the claims, the frequency of visits, whether written reports were prepared, and the amount of compensation paid for each evaluation. In response, Island Creek challenged the relevance of the information and objected to the interrogatories as unduly burdensome. As a result, Prince moved to strike the employer's defenses for failure to respond to the interrogatories. The ALJ denied the motion to strike, finding that the information sought was irrelevant and the requests were unduly burdensome.

In challenging this ruling before the BRB, Prince argued that because such information is discoverable under Fed. R.Civ.P. 26, it should also be discoverable in black lung cases. Rejecting this contention, the BRB held as follows:

Contrary to claimant's contention, the Board has held that the Federal Rules of Civil Procedure, and specifically Rule 26, do not govern the scope of discovery in black lung cases, but that the standard for the scope of discovery in black lung cases is provided at 29 C.F.R. § 18.14, in conjunction with the provisions of 20 C.F.R. § 725.455, see Cline v. Westmoreland Coal Co., 21 BLR 1–69, 1–76 (1997). Moreover, an [ALJ] has broad discretion as provided at 29 C.F.R. § 18.14 and 20 C.F.R. § 725.455 to direct and authorize discovery in accordance with 30 U.S.C. § 923(b), which provides that "all relevant evidence shall

be considered," and an [ALJ's] refusal to allow discovery will constitute reversible error only if it is so prejudicial as to result in a denial of due process. *See Cline, supra; Martiniano v. Golten Marine Co.,* 23 BRBS 363, 366 (1990); *Bonner v. Ryan–Walsh Stevedoring Co., Inc.,* 15 BRBS 321 (1983).

In this case, the [ALJ] properly noted that opinions provided on behalf of employer, prepared in the course of litigation, are probative evidence and are no less reliable than other reports and are not presumptively biased in favor of employer, *see Cochran v. Consolidation Coal Co.,* 16 BLR 1–101, 1–107 (1992), *citing Richardson v. Perales,* 401 U.S. 389 (1971); *Chancey [v. Consolidation Coal Co.,* 7 BLR 1–240 (1984)], and an [ALJ] may not base his conclusions about a physician's opinion on past opinions by the physician seen by the [ALJ] in other cases, *see Melnick [v. Consolidation Coal Co.,* 16 BLR 1–31, 1–35 (1991)]. Thus, the [ALJ], within his discretion, ... permissibly held that the discovery that claimant sought regarding the opinions rendered in other, previous cases by the physicians who were retained by employer in this case was irrelevant, *see* 30 U.S.C. § 923(b); 29 C.F.R. § 18.14. ...

Without contesting the BRB's findings and conclusions, petitioner simply argues that the requested information would be relevant to show the physicians' prejudice and bias against disabled coal miners and asserts that because the information would be discoverable under Rule 26 it should also be discoverable in a black lung case. Petitioner has failed to demonstrate error or abuse of discretion in the denial of his motion to strike the employer's defenses for failure to provide discovery.[2]

---

2. Disputing whether all of the requested information would in fact be discoverable under

## C. Treating Physician Opinion

 In the final claim on appeal, petitioner argues that the ALJ erred by failing to give greater weight to the opinion of Dr. Joseph Milum. In black lung cases, the ALJ must examine the medical opinions of treating physicians on their merits and make reasoned judgments about their credibility. *Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 709 (6th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1483, 155 L.Ed.2d 225 (2003); *Peabody Coal Co. v. Groves*, 277 F.3d 829, 834 (6th Cir.2002), *cert. denied*, 537 U.S. 1147, 123 S.Ct. 865, 154 L.Ed.2d 849 (2003). The relationship between a miner and his treating physician may support an ALJ's decision to give deference to the treater's opinion, provided that the deference is based on " 'the credibility of the physician's opinion in light of its reasoning and documentation, other relevant evidence and the record as a whole.' " *Jericol*, 301 F.3d at 709 (quoting 20 C.F.R. § 718.104(d)(5)). There is no absolute or automatic deference to a treating physician's opinion; rather, as this court recently stated, "in black lung litigation, the opinions of treating physicians get the deference they deserve based on their power to persuade." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 513 (6th Cir. 2003).

Although the ALJ's decision did not refer to Dr. Milum as a treating physician, it is clear that the ALJ considered the evidence submitted from him. The ALJ summarized that evidence as follows:

Dr. Joseph A. Milum signed a letter dated April 5, 1999, stating that the Claimant "has had a long history of lung problems and was recently hospitalized for ex[acerb]ation of his chronic obstructive pulmonary disease." Dr. Milum noted the results of the February 1999 and March 1999 blood gas studies and that the Claimant was placed on oxygen. He stated that since the Claimant's follow-up visits, subsequent to his hospitalization, the Claimant has done much better with the oxygen which has improved his respiratory status (DX 27). At a follow-up visit on May 4, 2000, Dr. Milum stated that the Claimant's breathing has improved and that he has not been using as much oxygen while taking Prednisone. Dr. Milum performed a physical examination and stated his impression, which included chronic obstructive pulmonary disease.

Finding no error, the BRB summarized the ALJ's weighing of the medical evidence as follows:

The [ALJ] gave greatest weight to the opinion of Dr. Selby, that claimant's impairment and/or disability was not due to his coal dust exposure or pneumoconiosis, as the [ALJ] found it to be the most thorough, complete, documented and well reasoned opinion and was supported by the consulting opinions of Drs. Branscomb, Morgan, Castle, and Loudan. The [ALJ] accorded little weight to Dr. Simpao's opinion that coal dust exposure is medically significant in claimant's pulmonary impairment, because he found that it was not as thorough, reasoned or documented as Dr. Selby's opinion and gave little weight to the opinion of Dr Younes that claimant's disability was caused, in part, by his coal dust exposure, as it was cursory, unreasoned and undocumented. Finally, the [ALJ] found that Dr. Houser's consulting opinion, relating claimant's impairment to his coal mine employment, was outweighed by the other consulting physicians' opinions....

Rule 26, Island Creek notes that petitioner nonetheless had the opportunity to cross-examine Drs. Branscomb, Morgan, Selby and Castle during their depositions and asked several of them about their fees.

(Citations omitted.) Petitioner noticeably fails to argue that Dr. Milum offered an opinion concerning the cause of petitioner's pulmonary impairment. As such, the ALJ was not called upon to weigh Dr. Milum's opinion concerning causation, which was the critical issue in the denial of benefits. We can find no error in the ALJ's failure to accord greater weight to the opinion of Dr. Milum, or his evaluation of the evidence pertaining to causation.[3]

**AFFIRMED.**

---

3. To the extent that petitioner's argument can be read as a challenge to whether there was substantial evidence to support the ALJ's decision, this court is required to defer to the ALJ's assessment of the physicians' credibility on the question of the cause of petitioner's disabling condition. *See Jericol*, 301 F.3d at 713; *Groves*, 277 F.3d at 836.