**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0014n.06

No. 10-4179

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANNA BELLE GOBLE, )
)
Petitioner, )
)
v. )
)
AZTEC MINING COMPANY, INC.; ) ON PETITION FOR REVIEW OF A
AMERICAN BUSINESS MERCANTILE ) DECISION OF THE BENEFITS
INSURANCE MUTUAL, INC.; DIRECTOR, ) REVIEW BOARD
OFFICE OF WORKERS' COMPENSATION )
PROGRAMS, UNITED STATES )
DEPARTMENT OF LABOR, )
)
Respondents. )

> **FILED**
>
> *Jan 06, 2012*
>
> LEONARD GREEN, Clerk

BEFORE: SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

**EUGENE E. SILER, JR., Circuit Judge.** Anna Belle Goble, a Kentucky citizen and widow of a former coal miner, petitions for review of a decision of the Benefits Review Board affirming an administrative law judge's decision denying her application for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45.

Goble's husband worked for twenty years as a coal miner, ending in 1985. He unsuccessfully applied for black lung benefits during his lifetime. He died in 2002 at the age of 54, two weeks after undergoing heart surgery. The death certificate listed chronic obstructive pulmonary disease and arteriosclerotic heart disease as conditions causing death. A partial autopsy of the lungs and

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

cardiovascular system was performed. The physician who performed this autopsy diagnosed complicated pneumoconiosis, with lesions greater than one centimeter in diameter, and opined that the miner died from pulmonary causes. Mrs. Goble then applied for widow's benefits, which the district director awarded.

The employer requested a hearing before an administrative law judge (ALJ). Each party introduced reports from physicians who had reviewed the autopsy slides. None of the reviewing physicians agreed with the original diagnosis of complicated pneumoconiosis. However, all agreed that the miner did have some degree of coal worker's pneumoconiosis. They disagreed on the extent of the disease and whether it contributed to the miner's death. Mrs. Goble moved to compel the employer to disclose the amount of money it had paid to its experts and the number of referrals it had made to the experts. The ALJ denied the motion, finding that the information sought would not be relevant to establish bias and that the request would be unduly difficult for the respondent to fulfill. The ALJ's final decision found the report of Dr. Oesterling, one of the respondent's experts, most persuasive. Dr. Oesterling found that the miner had moderate coal worker's pneumoconiosis, but that his more serious lung problems were asthma, bronchitis, and emphysema, which contributed to his heart problems and ultimately caused his death. The ALJ credited this opinion over that of Dr. Kahn, hired by Mrs. Goble, who found that the miner had advanced coal worker's pneumoconiosis, emphysema, and bronchitis, and that the coal worker's pneumoconiosis and emphysema compromised the miner's pulmonary function, contributing to his death. Accordingly, the ALJ denied benefits. The Benefits Review Board affirmed the ALJ's decision, with one member dissenting.

In her brief, Mrs. Goble argues that the ALJ erred in denying her motion to compel discovery, and in finding that the miner did not have legal pneumoconiosis and that his death was not caused by pneumoconiosis.

We review an ALJ's evidentiary rulings for an abuse of discretion. *Prince v. Island Creek Coal Co.*, 76 F. App'x 67, 69 (6th Cir. 2003). Mrs. Goble maintains that the ALJ should have granted her motion to compel disclosure of the amount of money paid to the employer's experts and the number of referrals the employer made to the experts. She points to the case of *Consolidation Coal Co. v. Williams*, 453 F.3d 609, 619-20 (4th Cir. 2006), which upheld an order compelling such discovery. However, the court in that case held only that the ALJ's granting of the motion to compel did not evince bias against the employer; it did not hold that the ALJ was required to grant the motion. The ALJ relied on reasons other than the compelled financial discovery to reject the opinions of the respondent's experts. *Id.* Bias cannot be presumed from the fact that an expert receives compensation from one party. *Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 637 n.6 (6th Cir. 2009). Thus, in *Prince*, 76 F. App'x at 71, we found no abuse of discretion in denying such discovery. The ALJ found Dr. Oesterling's opinion the most persuasive because of its detail and explanation. No reason to reject the opinion is apparent, and mere knowledge of how much compensation Dr. Oesterling received from respondent would be insufficient to presume bias. Therefore, we find no abuse of discretion in the ALJ's denial of the motion to compel.

We review a decision in a black lung benefits case to determine whether it is rational, supported by substantial evidence, and consistent with the controlling law. *Glen Coal Co. v. Seals*, 147 F.3d 502, 510 (6th Cir. 1998). On the merits of the decision, Mrs. Goble first argues that the ALJ erred in declining to find that she had established the presence of "legal pneumoconiosis." She properly notes that if clinical pneumoconiosis was present, as was the unanimous opinion in this

case, legal pneumoconiosis was also present. *See Martin v. Ligon Preparation Co.*, 400 F.3d 302, 306 (6th Cir. 2005). However, the ALJ's finding that legal pneumoconiosis was absent referred to the fact that the miner's *other* lung diseases, such as asthma, bronchitis, and emphysema, were not shown through medical evidence to be related to his exposure to coal dust, and thus did not fit the definition of legal pneumoconiosis. *See Eastover Mining Co. v. Williams*, 338 F.3d 501, 509 (6th Cir. 2003). Therefore, the ALJ did not err in concluding that Mrs. Goble was required to show that the coal worker's pneumoconiosis, or clinical pneumoconiosis, rather than the miner's other lung diseases, caused the miner's death.

Pneumoconiosis causes a miner's death if it hastens his death. *Griffith v. Dir., OWCP*, 49 F.3d 184, 186 (6th Cir. 1995). In this case, the ALJ found most persuasive the opinion of Dr. Oesterling that the miner's pneumoconiosis was not sufficiently serious to have hastened his death, while his other lung diseases did contribute to the heart problems that killed him, because Dr. Oesterling's opinion was the most detailed and explained how his conclusions were supported by the autopsy evidence. We defer to an ALJ's rationale for crediting one doctor's opinion over another. *Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 712-13 (6th Cir. 2002). We may not disturb the ALJ's conclusion simply because we may have decided the case differently. *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001).

For all of the above reasons, the petition for review is denied.